## Ands Koch, Defendant in Error, v. Charles F. Dickinson, Plaintiff in Error.

### Gen. No. 14,899.

1. MUNICIPAL COURT—*power to adopt rules.* Section 19 of the Municipal Court Act gave sufficient authority to the Municipal Court to adopt by rules such sections of the Practice Act as to such court seemed advisable, and in so far as such sections may be applicable to the jurisdiction conferred on that court by statute.

2. MUNICIPAL COURT—*power to compel filing of affidavit of merits.* It is within the power of the Municipal Court pursuant to rules duly adopted to compel the defendant in a fourth class case to file an affidavit of merits, and in default of failure so to do, to render judgment against him.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. STEPHEN A. FOSTER, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed January 24, 1910.

F. WM. KRAFT, for plaintiff in error.

WINKLER, BAKER & HOLDER, for defendant in error; G. RAYMOND COLLINS, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

A judgment for $209.52 was rendered in the Municipal Court for principal, interest and protest fees on two promissory notes for $100 each, made by defendant, payable to the order of plaintiff, with interest at the annual rate of seven per cent.

This case is of the fourth class under the Municipal Court Act, and plaintiff's pleading consists of a statement of claim with an affidavit stating the cause of action and the amount claimed.

On the return day of the summons defendant appeared by counsel and demanded a trial by jury. On that day defendant was ruled to file an affidavit showing a meritorious defense. This order defendant failed to comply with, and for such noncompliance he was defaulted and the cause proceeded to trial, a jury being impaneled to assess plaintiff's damages, which they did, and a judgment was duly entered thereon after the overruling of defendant's motions for a new trial and in arrest of judgment.

Defendant seeks, by this writ of error, to reverse the judgment upon the contentions that the Municipal Court was without power to require defendant to file an affidavit of merits, that he was unlawfully deprived of the right to interpose any defense, and that the judgment is for too much.

It is argued that the Municipal Court was without power to rule defendant to file an affidavit of merits and that defaulting him for failure to comply with such rule was erroneous. If this contention be well taken, the remainder of the proceedings are erroneous and the judgment should be reversed. If, however, the court acted with authority, as we think it did, the judgment must be affirmed.

The order on defendant to file an affidavit of merits was made under rule 14 of the Municipal Court. We

are therefore to decide whether that is a valid rule of
that court promulgated in accord with legislative au-
thority. The legislature by section 19 of the Municipal
Court Act provided *inter alia* that "said Municipal
Court shall be the sole judge of the applicability to
the proceedings of said court of the rules of practice
prescribed by law for similar cases in the circuit
courts, and its decisions in respect thereto, shall not
be subject to review on appeal or writ of error."
This provision, it seems to us, gave sufficient authority
to the Municipal Court to adopt, by rule, such sections
of the Practice Act as to such court seems advisable,
and in so far as such sections may be applicable to
the jurisdiction conferred on that court by statute. It
confers broad plenary powers on the court in this re-
gard, and as to certain matters makes its judgment
final and binding on all, including courts of review.
In the exercise of the power and discretion thus con-
ferred, the Municipal Court by rule 14, adopted as
rules of practice certain sections of chapter 110, R. S.,
title "Practice." Among such sections is section 55.
The sections so adopted, rule 14 provides, "shall be
held to apply to and govern all civil proceedings (x)
in the Municipal Court as near as may be consistently
with the provisions of the Municipal Court Act.
*   *   *" Section 55, chapter 110 *supra* provides:
"If the plaintiff in any suit upon a contract, express
or implied, for the payment of money, shall file with
his declaration an affidavit showing the nature of his
demand and the amount due him after allowing all his
just credits, deductions and set offs, if any, he shall be
entitled to a judgment as in case of default, unless the
defendant, his agent or attorney   *   *   *   shall file
with his plea an affidavit stating he verily believes that
he has a good defense to said suit upon the merits,
etc." As a declaration is not required by the Munic-
ipal Court Act in cases of the fourth class, of which
this case is one, it is said to follow that section 55
*supra* has no application. Our minds do not yield

assent to such claim. By analogy, as applied to the new condition created by the Municipal Court Act, the statement of claim required to be filed by that Act in fourth class cases, serves the same office as a declaration in the Circuit Court, and by construction of section 55 *supra,* adopted by rule 14, fills the office of the declaration and must be regarded, for the purposes of section 55, as constructively that quality of pleading known to the common law as a declaration. The statement was accompanied by an affidavit of claim stating the amount thereof, conforming in this respect to section 55. This required from defendant an affidavit of meritorious defense, if he desired to avoid suffering a judgment by default. Furthermore, to require an affidavit showing a meritorious defense, worked no hardship to defendant. He could only succeed on a trial by showing a meritorious defense, and to so state on oath preliminary to a trial was not the imposition of an undue burden. We do not regard the adoption of rule 14 as judicial legislation. By the Municipal Court Act the legislature made every section of chapter 110 part of that Act, wherever it could be made applicable, in the opinion of the judges of that court, such opinion to be evidenced by rules of court. Aside from the power conferred by statute, all courts have inherent power to make all rules necessary to govern and control their procedure, and where such rules do not conflict with any statute they are as binding and of as much controlling force as they could be had they been engrafted into a statutory enactment. The defendant was denied no legal right by being ruled to file an affidavit of merits or in suffering a default for failure to obey the rule. Having failed to make oath that he had a meritorious defense, it is doing no violence to presumption to assume that restraint in such regard flowed from an absence of any defense upon the merits.

The amount of the verdict and judgment is arrived at by adding interest and protest fees to the amount

of the principal of the notes. It is the correct amount. There is no error of procedure in this record and the judgment of the Municipal Court is accordingly affirmed.

*Affirmed.*