# Hyman Kadison, Defendant in Error, v. Fortune Bros. Brewing Company, Plaintiff in Error.

## Gen. No. 15,859.

1. MUNICIPAL COURT—*how issues formed.* Under the provisions of the Municipal Court Act the filing of the statement of claim on the one side and the entry of appearance on the other side form the issues to be tried in cases of the fourth class.

2. MUNICIPAL COURT—*what put in issue by affidavit of merits.* In an action claiming damages for hold-over, an affidavit of merits denying such hold-over does not put in issue the execution of the lease, the assignment thereof, the ownership of the property described in the lease or the right of such owner to maintain an action for liquidated damages for withholding possession of the premises after the expiration of the term of the leasing.

3. PRACTICE—*purpose and effect of amendment of Section 55 of act requiring nature of defense to be set up in affidavit of merits.* The purpose of requiring the affidavit of merits to set out the nature of the defense relied on was to give the plaintiff notice of the real defense to be presented and to limit the issues to be tried to the defense set out in the affidavit. All defenses the nature of which are not set up in the affidavit are considered waived and are unavailable on the trial.

4. EVIDENCE—*when that charge was usual and customary not essential.* If the services in question were those of an attorney and the charge made is clearly not excessive, evidence that such charge was the usual and customary one is not essential, inasmuch as the court itself is competent to judge with respect to the value of such services.

Error to the Municipal Court of Chicago; the Hon. McKENZIE CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 4, 1911. Rehearing denied October 25, 1911.

THOMAS J. YOUNG, for plaintiff in error.

MORTON A. MERGENTHEIM, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

Defendant in error brought this suit in the Municipal Court, and filed therein the following statement of claim, viz.:

"Plaintiff's claim is made by him as assignee of Julius Salk and Samuel Polakow, the latter being lessor and the defendant lessee of the first floor and basement of the premises at 264 Loomis street, in the City of Chicago, under a written lease, dated January 13, 1906, and expiring April 30, 1909; wherein defendant agreed to yield up immediate possession to said lessor at the expiration of the term.    Said defendant failed to yield up possession to the lessor on April 30, 1909, but withheld possession until and including May 13, 1909, becoming liable to the assignee of said lease for the sum of $10 per day as liquidated damages aggregating $130 and $25 attorneys' fees—$155 in all.''

Attached to and filed with this statement of claim was an affidavit of claim.    Plaintiff in error entered its appearance and filed an affidavit of merits setting out that it had a good defense to the whole of plaintiff's demand.    The nature of the defense is therein set out in the following language:

"Affiant further says that the nature of the defense of the defendant Fortune Bros. Brewing Company to said suit is as follows: That defendant did not fail to yield up possession of said premises at the expiration of said term as alleged in the plaintiff's bill of particulars; that the defendant did not withhold said premises as alleged in said bill of particulars, and that the defendant does not owe and is not liable to the plaintiff for said sum of $130.00 or any other sum whatsoever.''

Under the provisions of the Municipal Court Act the filing of the statement of claim on the one side and the entry of appearance on the other side form the

issues to be tried in cases of the fourth class, to which class this case belongs, or more accurately speaking puts everything at issue that can be tried in the case. By section 19 of that Act the legislature provided that, "said Municipal Court shall be the sole judge of the applicability to the proceedings of said court of the rules of practice prescribed by law for similar cases in the Circuit Court, and its decisions in respect thereto shall not be subject to review on appeal or writ of error." By rule 14, adopted by the Municipal Court September 28, 1907, and in force at the time this case was commenced, it is provided that section 55, among other sections of the Practice Act, shall be held to apply to proceedings in the Municipal Court when consistent with the Municipal Court Act. The adoption of that section as part of the rules of practice in the Municipal Court was upheld as a proper exercise of the power conferred on the Municipal Court in the Act creating it, in the case of Koch v. Dickinson, 152 Ill. App. 413.

By section 55 of the Practice Act it is provided that when the plaintiff shall file with his declaration an affidavit of claim, the defendant, in order to prevent a judgment as by default, shall file with his plea an affidavit, "stating that he verily believes *the defendant has a good defense to said suit upon the merits to the whole or portion of the plaintiff's demand and specifying the nature of such defense,* and if a portion, specifying the amount."

The affidavit of merits in this case was filed in compliance with the provisions of said section 55, so made part of the rules of practice in the Municipal Court. The part of section 55 above quoted has been in force for many years with the exception of the words in italics. Those words were added in a revision of the Practice Act that went in force July 1st, just before that section was adopted by the Municipal Court as part of its rules of practice. Prior to the addition

of these words, it was held that an affidavit, stating that the defendant had a good defense to the suit upon the merits, was sufficient to entitle the defendant to prove any defense he had that was well pleaded. The addition of the words "and specify the nature of such defense" was not inadvertently made. The purpose of requiring the affidavit of merits to set out the nature of the defense relied on was to give the plaintiff notice of the real defense to be presented and to limit the issues to be tried to the defense set out in the affidavit. All defenses, the nature of which are not set up in the affidavit, are considered waived and are unavailable on the trial.

The affidavit of merits in the case at bar in compliance with the provisions of section 15 *supra* as so amended sets out the nature of the defendant's defense to be, that the defendant did not fail to yield up possession of the premises in question at the expiration of the term, and did not withhold said premises as alleged in the bill of particulars. The statement in that affidavit that "the defendant does not owe and is not liable to the plaintiff for said sum" claimed is a mere conclusion of the affiant based on the defenses, the nature of which are specified in the affidavit. By this affidavit of merits neither the execution of the lease nor the assignments of it are put in issue, and the lease and assignments were properly admitted in evidence without such proof of their execution as would have been necessary if their execution had been denied by the affidavit of defendant. Neither were the questions whether appellee was the owner of the property described in the lease, nor whether one not such owner can maintain an action for liquidated damages for withholding possession of the premises after the expiration of the term of the leasing, made issues in this case by the affidavit of merits.

The provisions of the lease relied on as the basis of recovery are as follows:

280 APPELLATE COURTS OF ILLINOIS.

Kadison v. Fortune Bros. B. Co., 163 Ill. App. 276.

"At the termination of this lease by lapse of time or otherwise (the lessee agrees) to yield up immediate possession to said party of the first part, and failing so to do to pay as liquidated damages for the whole time such possession is withheld, the sum of ten ($10.00) dollars per day * * * the party of the second part further covenants and agrees to pay and discharge all reasonable costs, attorneys' fees and expenses that shall be made and incurred by the party of the first part in enforcing the covenants and agreements of this lease, and all the parties to this lease agree that the covenants and agreements herein shall be binding upon, apply and inure to, their respective heirs, executors, administrators and assigns."

The evidence clearly shows that the covenants for the surrender of the possession of the premises at the expiration of the lease by its terms, were broken. The lease terminated by its terms on April 30, 1909. At that time, and for some time after that time, as well as for nearly two years prior to that time, plaintiffs in error were occupying the premises by a sub or undertenant, by the name of Sullivan. The witness Portiss testified, that Sullivan was still there on the 13th of May, 1909. Sullivan, called as a witness for the defendant, said he was there four or five days after the first of May, and again, that he left the place "about the fifth or seventh of May." In view of the positive testimony of Portiss, and the uncertain and varying testimony of Sullivan, we think the court was justified in taking the testimony of Portiss as to the time Sullivan was still there after April 30, 1909, to be true.

The lease fixed the amount of damages to be recovered at ten dollars per day for each day possession was withheld after April 30, 1909. It also provided for the recovery of reasonable costs, attorneys' fees and expenses incurred in enforcing the covenants of the lease.

The court found the issues for defendant in error and entered judgment thereon against plaintiff in error for $155 and for costs.

Counsel for both parties agree that $25 of the amount for which judgment was rendered was for attorney's fees, and plaintiff in error does not claim that $25 was an excessive attorney's fee, but insists that, inasmuch as there was no evidence introduced tending to show that it was a reasonable and customary charge for the service rendered, it was error to allow that or any other amount.

Testimony as to what amount is a reasonable attorney's fee is at the best opinion evidence, and on a subject concerning which the trial court, who has heard the case, is, to say the least, as well qualified as the witnesses to form an opinion. Nor is such evidence binding on the court unless it coincides with the opinion of the court. The sum of $25 was certainly not an excesssive allowance for the services rendered by the attorney for defendant in error up to the time judgment was rendered in this case. The fact that defendant in error is described in the papers in the case as "assignee" of the lease is of no significance beyond notifying plaintiff in error of the basis of the demand made against it. The suit is begun by defendant in error in his own right and not in a representative capacity, and the fact that he is described as "assignee" of the lease neither adds to nor detracts from his right to recover.

We think the Municipal Court was fully justified in its findings and judgment, and that no error appears in the record.

The judgment is, therefore, affirmed.

*Judgment affirmed.*