## Helen B. McWhinney, Executrix, Defendant in Error, v. Ethelyn A. Gill, Plaintiff in Error.

## Gen. No. 16,226.

MUNICIPAL COURT—*when authorized to enter default.* Under the statute and adopted rules of the municipal court, which authorizes the requiring of an affidavit of merits, the municipal court may, in advance of the trial, notwithstanding the defendant has entered his appearance, require him to file an affidavit of merits, and may in the absence of such an affidavit enter default and judgment without having the cause set for trial.

Error to the Municipal Court of Chicago; the HON. JOHN W. HOUSTON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed February 21, 1912.

CLAIR D. VALLETTE, for plaintiff in error.

GEORGE E. DAWSON, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Ethelyn A. Gill prosecutes this writ of error to review a judgment of the Municipal Court against her in the sum of $96.88 in a case of the fourth class.

The defendant in error filed wih her statement of claim an affidavit of merits. Plaintiff in error entered her appearance. On return day defendant in error moved for a rule on plaintiff in error to file an affidavit of merits in three days, which the court allowed. At the expiration of the rule the court on motion entered said judgment by default in favor of defendant in error, for want of said affidavit of merits.

The sole ground urged for the reversal of the judgment is that in the Municipal Court in cases of the fourth class a judgment as in case of default cannot be entered where the defendant has filed his appear-

ance.    The provisions of the Municipal Court Act
bearing directly upon the question for decision in this
case are found in the following sections thereof, to
wit, sections 19, 40, 43 and 45.    Those provisions are
as follows: "That until otherwise determined, * * *
the practice in the Municipal Court shall be the same,
as near as may be, as that which may from time to
time be prescribed by law for similar suits or proceed-
ings in Circuit Courts, excepting that in cases of the
fourth class * * * the issues shall be determined with-
out other forms of written pleadings than those here-
inafter expressly prescribed.    Said Municipal Court
shall be the sole judge of the applicability to the pro-
ceedings of said court of the rules of practice pre-
scribed by law for similar cases in the Circuit Courts
and its decisions in respect thereto shall not be subject
to review upon writ of error. * * * That every case of
the fourth class * * * shall be commenced by the filing
by the plaintiff with the clerk of a praecipe for a sum-
mons, specifying the names of the parties to the suit,
the amount of the plaintiff's claim, * * * and a state-
ment of the plaintiff's claim, which statement, if the
suit be upon a contract, shall consist of a statement
of the account or of the nature of the demand. * * *
In cases of the fourth class, * * * the Municipal Court
may adopt such rules and regulations as it may deem
necessary to enable the parties, in advance of the trial,
to ascertain the nature of the plaintiff's claim, or of
the defendant's defense. * * * That upon the return
of any such summons duly served, the plaintiff shall
be entitled to judgment as in case of default, unless
the defendant shall either appear in person * * * or
shall file his appearance in writing * * * .    In case
the defendant shall desire upon the trial to present
any set-off or counter-claim, he shall file a statement
thereof with his appearance. * * * That if * * * the
defendant shall appear at the time specified in the
summons, * * * the court shall, at such time, * * * fix

a time for the trial thereof and such case shall be tried at the time so fixed.''

The Municipal Court adopted by a rule the provisions of sections 55 and 56 of the Practice Act, in so far as the same are applicable to its procedure, as follows:

''If the plaintiff in any suit upon a contract, * * * for the payment of money, shall file with * * * his statement of claim, if the case be a fourth class case, an affidavit showing the nature of his demand, and the amount due him from the defendant, * * * he shall be entitled to judgment, as in case of default, unless the defendant * * * shall file with his appearance, * * * an affidavit stating that he verily believes the defendant has a good defense to said suit upon the merits to the whole or a portion of the plaintiff's demands and specifying the nature of such defense and if a portion, specifying the amount (according to the best of his judgment and belief).''

We think it is very clear from the provisions of the Municipal Court Act above quoted that the court had ample power to adopt the said rule, and that it is entirely in harmony, and not in conflict with, the other provisions of the statute in regard to actions of the fourth class. It is a necessary rule to carry out the specific provision of the statute that the court may by rule ''enable the parties, in advance of the trial, to ascertain the nature of the plaintiff's claim, or the defendant's defense.'' The rule does not, as insisted by plaintiff in error, compel a defendant to adopt any more elaborate system of pleading than that contemplated by the statute in cases of the fourth class. Neither does the statute contemplate or provide that a defendant shall have the case set for trial before he shall be required to state the nature of his defense, if he has one. On the contrary, it expressly provides that the court may rule him to do this ''in advance of the trial.'' If he has no defense, or fails to file his affidavit of merits disclosing the nature of his defense as

ruled, the court is not bound to set it for trial at all. The statute and all its parts must be construed together, and no part of it rendered meaningless and useless by a strict or strained construction. When it develops that a defendant, after he has entered his appearance, has no defense to offer, the court's action in setting his case for another day for trial, if it should do so, would be a mere act of delaying the plaintiff in his right to a default and judgment which the defendant, by his act of refusing or neglecting to file his affidavit of merits, confesses. The plaintiff in error was not entitled to a trial, or setting of her case for trial, by merely entering her appearance, unless the court had used its discretion in overruling defendant in error's motion to require her to file the affidavit of merits. Plaintiff in error admits that the court had the right and power to make the rule requiring an affidavit of merits, but insists that whether she complied with the rule or not she was entitled to a trial because she had entered her appearance, as provided by the statute. The bare statement of the proposition is a sufficient answer to the same. The power in a court to make a rule necessarily carries with it the power to enforce it. Koch v. Dickinson, 152 Ill. App. 413.

Plaintiff in error made no showing that she had any meritorious defense to this action in the lower court, and makes no such claim here. No reason is offered why she did not comply with the rule of the court to file an affidavit of merits. If the rulings of the court complained of by her were erroneous, and we hold that they are not, we would not feel warranted, by her showing in this record, in reversing the judgment merely for the sake of giving her an opportunity for a trial.

The judgment is affirmed.

*Judgment affirmed.*