**Harry Hamill, Defendant in Error, v. Thomas A. Watts, Plaintiff in Error.**

**Gen. No. 18,101.**

1. MUNICIPAL COURT—*evidence.* Under rule 17 of the Municipal Court defendant is permitted to introduce evidence of only such defenses as are set out in his affidavit of merits.

2. MUNICIPAL COURT—*when allegation of fact is admitted.* Under rule 19 of the Municipal Court every allegation of fact in any statement of claim, counterclaim or set-off not denied specifically or by necessary implication in the affidavit of defense is taken to be admitted, except as against an infant or lunatic.

3. MUNICIPAL COURT—*who may sue.* Under rule 23 of the Municipal Court the assignee and equitable and bona fide owner of any chose in action not negotiable may sue thereon in his name.

4. CORPORATIONS—*when certificate of incorporation is not recorded.* A corporation has no right to transact business when it has not recorded in the county where its principal office is located a certificate of organization from the Secretary of State.

5. MASTER AND SERVANT—*action for wages.* In an action by plaintiff as assignee of certan miners' wage claims, where defendant does not deny they were assigned to plaintiff for a valuable consideration but contends that the claims were against a certain corporation and the evidence shows that the alleged corporation had not recorded a certificate of organization and that defendant was the owner and operator of the mine, there is sufficient evidence to sustain a judgment for plaintiff.

Error to the Municipal Court of Chicago; the Hon. ROBERT H. SCOTT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed May 9, 1913.

MAYER, MEYER, AUSTRIAN & PLATT, for plaintiff in error.

GIDEON S. THOMPSON, for defendant in error.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

Judgment was rendered in this case in favor of the plaintiff (defendant in error) and against the defendant (plaintiff in error) on an alleged assignment of wage claims.

The plaintiff's statement recites that his claim is based on sundry labor claims, being for money due from the defendant to various persons for work and labor in and about the operation of a coal mine at Mt. Vernon, Illinois; that the defendant was operating the mine under the name of Mt. Vernon Coal Company, and while so operating it became indebted to sundry persons named in the statement; that the claims were purchased from the several holders thereof at the request of defendant by one H. D. Wagner; that Wagner assigned the claims to the

plaintiff for a valuable consideration, and that the plaintiff is the actual *bona fide* owner of the same.

The affidavit of defense filed recited that none of the persons mentioned in the amended statement of claim had ever had any claims against the defendant for work and labor; that the mine at Mt. Vernon was owned by a corporation and not by the defendant; that the defendant is in no way whatsoever, and never was, indebted to any of the said persons; that the defendant did not operate the coal mine under the name of the Mt. Vernon coal company and did not become indebted to the said persons in the amounts claimed in the statement of claim or in any sums whatsoever; that the defendant never requested Wagner or any other person to purchase from the holders these said claims at their face value or at any other sum. The affidavit has further recitals as to the defendant having agreed to sell his interest in the capital stock of the corporation owning the mine to one Patton, and as a part of the purchase price of said stock in said mine said Patton agreed to pay all claims due to any laborers from said corporation; that the defendant never had any dealings of any kind with the plaintiff, and never had any knowledge or notice of the alleged assignments of any claim against the defendant.

There was a trial before the court without a jury. and a finding in favor of the plaintiff for the sum of $973 and judgment rendered upon such finding.

The points relied upon by defendant for reversal, as shown by the brief, are, that the record does not show that the employes whose claims were assigned believed or had knowledge that they were working for any one other than the Roland Coal Mining Company; or that they had been employed by the defendant or thought to hold him liable for their wages, or that said employes ever made a claim against the defendant; that the record affirmatively shows that one Pollock knew that the mine had been sold to the Roland Company, and that notwithstanding that the

judgment included a wage claim of Pollock's; that the assignments were not proved by competent evidence, and that it was not necessary to show that the charter of the Roland Company had not been recorded.

Rule 17 of the Municipal Court provides that the defendant shall file an affidavit sworn to by himself, his agent or attorney, stating that he verily believes that he has a good defense to the suit upon the merits to the whole or a portion of the plaintiff's demand, and specifying the nature of such defense in such a manner as reasonably to inform the plaintiff of the defense which will be interposed at the trial, and evidence "of only such defenses as are set out in said affidavit shall be admitted upon the trial." Rule 19 provides that "every allegation of fact in any statement of claim or of counter-claim of set-off if not denied specifically or by necessary implication in the affidavit of defense filed in reply by the opposite party, shall be taken to be admitted except as against an infant or lunatic." See also Rule 20 and *Kadison v. Fortune Bros. Brewing Co.,* 163 Ill. App. 276.

Section 18 of the Practice Act, providing that the assignee and equitable and *bona fide* owner of any chose in action not negotiable may sue thereon in his own name, has been made to apply to cases in the Municipal Court by rule 23.

It is to be noted that the affidavit of defense does not deny the fact alleged in the statement that Wagner assigned the claims to the plaintiff for a valuable consideration. It does deny that the defendant operated the coal mine under the name of the Mt. Vernon Coal Company, and further that the persons mentioned in the amended statement of claim had any claims against the defendant for work and labor, and alleges that he did not become indebted to them.

At the trial a bookkeeper who had been employed at the mine gave evidence which, in our opinion, tended strongly to show that the defendant was operating

the coal mine under the name of the Mt. Vernon Coal
Company (that he did so operate at one time is ad-
mitted by defendant), and the dispute between the
parties seems to be based largely upon the question
as to whether or not the Roland Coal Mining Com-
pany had been formed and the property turned over
to that company, and as to whether at the time the
labor was performed that company conducted the
operations of the mine. It appeared that the book-
keeper kept the time of the men and participated in
the making of the pay checks. The affidavit of de-
fense does not challenge the plaintiff's claim, made in
his statement, that Wagner purchased them from the
several holders and owners thereof, but merely denies
that the defendant requested him so to purchase them.
Pay checks introduced in evidence bear upon them the
words "Mt. Vernon Coal Company," and, as hereto-
fore stated, we think the evidence was sufficient to
warrant the conclusion that it was under this name
the defendant was doing business. We are not con-
vinced that the Roland Coal Mining Company, as a
corporation organized under the laws of Illinois, was
operating the property at the time the labor was per-
formed. The bookkeeper testified that the "only
thing" he had heard about the business of the mine
belonging to a corporation known of that name "was
just a rumor;" that he had never received any of-
ficial notice of it; that afterwards the superintendent
told him it was then a corporation, and that he guessed
that this was told him about a week after the time it
was supposed to have been incorporated; that there
was no change in the bookkeeping, and that the letter-
heads were changed a week or possibly two weeks
after the time "the place was supposed to have been
incorporated." The bookkeeper seems to have had
charge of the bank account, and testified that when a
large collection was made it would be put in the bank
in the name of the Mt. Vernon Coal Mining Company.

The defendant testified on cross-examination (not

abstracted) that he was the "record owner" of the mine prior to the incorporation of the Roland Coal Mining Company. Letters written by him to his bookkeeper tended also to indicate that he regarded himself as the owner at the time the labor claims originated.

The record does not show that a certificate from the Secretary of State of the complete organization of the corporation had been recorded in the office of the Recorder of Deeds of the county where the principal office of the company was located. It was said in the case of *Loverin v. McLaughlin,* 161 Ill. 417 (425), that such a corporation has no right to transact business.

There was introduced in evidence a special warranty deed by the defendant and wife conveying the title to certain lands in the city of Mt. Vernon to the Roland Coal Mining Company, which appears to have been properly acknowledged and duly recorded.

Notwithstanding this evidence, we are unable to say that the finding of the court that the mine was being operated by the defendant and that the laborers whose claims were assigned were in his employ is erroneous. The judgment will be affirmed.

*Affirmed.*