## West Coast Timber Company, Appellee, v. Marvin Hughitt, Jr., et al., Appellants.

### Gen. No. 18,915. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 26, 1914. Rehearing denied April 9, 1914.

---

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

West Coast Timber Co. v. Hughitt, 185 Ill. App. 500.

## Statement of the Case.

Action in *assumpsit* by West Coast Timber Company against Marvin Hughitt, Jr., David K. Jeffris and Fred J. Jeffris to recover for four carloads of lumber shipped and delivered to the defendants by the plaintiff. The declaration contained the ordinary common counts only. With the declaration was filed an affidavit of claim that defendants were indebted to plaintiff in a certain sum. The defendant filed four pleas: First, the general issue; second, the five years' statute of limitations; third, *nul tiel corporation;* and fourth, that plaintiff was a foreign corporation doing business in this State without a license. The defendants also filed an affidavit of defense. The case was tried before a court and jury and a verdict was returned finding the issues for the plaintiff and assessing its damages in the sum of $1,523. From a judgment entered upon the verdict, defendants appeal.

ADAMS, CREWS, BOBB & WESCOTT, for appellants.

ALLEN G. MILLS, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. CORPORATIONS, § 736*—*when foreign corporation not doing business in this State*. A foreign corporation engaged in the lumber business in another State without a license to do business in this State, *held* not doing business in this State so as to deprive it of the right to maintain an action for lumber sold in this State, where the evidence shows that it had no place of business or office in this State; that it had solicitors in Chicago who solicited orders for it, which orders were sent to the office of the corporation without the State for approval and acceptance; that the lumber sold was shipped by it from its home State direct to the purchasers; and the corporation had certain letter heads containing the address of a "Branch Office" in Chicago.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

2. LIMITATION OF ACTIONS, § 21*—*when statute begins to run on contracts constituting one transaction.* In an action to recover the price of four carloads of lumber shipped and delivered to defendants at different times, evidence *held* sufficient to show that the several shipments were merely parts of one transaction and that the statute began to run from the date of the last delivery so that the claim for all the other shipments were saved from the bar.

3. SET-OFF AND RECOUPMENT, § 28*—*when defense of recoupment is waived.* In an action on a contract where the defendant filed with their pleas an affidavit of merits which did not include a defense of recoupment for damages, *held* that the defense of recoupment was thereby waived.