## Horace H. Stoddard, Appellee, v. Illinois Improvement & Ballast Company, Appellant.

### Gen. No. 20,972.

1.  MINES AND MINERALS, § 22*—*when covenant to work quarry implied.*  Where a lease demises land for the purpose of quarrying stone, and contains a covenant to pay to lessor in lieu of rent a royalty of a stated amount on each 2,500 pounds of stone removed therefrom under the terms of the lease, the law implies a covenant on the part of lessee and his assigns to work the demised premises with reasonable diligence and in a proper manner so that lessor may receive the contemplated returns from the lease.

2.  MINES AND MINERALS, § 22*—*when right to use land for other purposes not excuse for failure to work quarry.*  Where a lease demises premises for the purpose of quarrying stone, it is immaterial whether or not lessee had also the right to make use of the land for other purposes, such as for cultivation, such right if possessed not tending to excuse lessee for failure to perform the duty of working the quarry with reasonable diligence, and such fact not being competent in mitigation of damages in an action to recover for such failure.

3.  LANDLORD AND TENANT, § 415*—*when assignee of lease takes subject to obligations of assignor.*  In an action to recover for breach of the covenants of a lease whereby premises were demised by plaintiff for the purpose of quarrying stone, where defendant is the assignee of the original lessee, the fact that defendant, in accepting such assignment, did not expressly assume and agree to perform the covenants imposed by the lease on the original lessee is immaterial, it appearing that defendant based his right to possession of the demised premises on the lease, for the reason that defendant stands

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

in the shoes of such lessee and is thereby precluded from asserting that it is not bound by the duties and obligations of such lessee as determined by the lease.

4. PLEADING, § 117*—*when allegations not denied stand as admitted.* In an action to recover for breach of the covenants of a lease, demising premises for the purpose of quarrying stone, which action was originally commenced in the Municipal Court of Chicago, and where plaintiff's pleadings allege that at the time defendant entered into possession under an assignment of such lease the demised premises contained large quantities of stone suitable for quarrying, such allegations stand admitted under the rules of such court where they are not denied in defendant's affidavit of merits, and where defendant admits that it never removed any stone from such premises.

5. PLEADING, § 117*—*when evidence to support undenied allegation not necessary.* In an action to recover for breach of the covenants of a lease demising premises for the purpose of quarrying stone, defendant cannot assert in defense that the demised premises contained no stone fit for quarrying, nor is plaintiff required to offer any evidence to prove such fact in order to maintain the action, where defendant does not set up such defense in its affidavit of merits, for the reason that such defense is thereby waived and is unavailable at the trial.

6. MINES AND MINERALS, § 35*—*when lessee estopped to set up unsuitability of land for purpose for which leased.* In an action to recover for breach of the covenants of a lease demising premises for the purpose of quarrying stone, which demise was until "January 2, 1913, or as long thereafter as the property is suitable for quarrying purposes," defendant is precluded from asserting that there is no evidence that the demised premises contain stone suitable for quarrying purposes which with reasonable skill and diligence might have been removed with profit where defendant retained possession of such premises after such date, it also appearing that defendant's assignor worked the quarry with profit to plaintiff.

7. MINES AND MINERALS, § 35*—*what instruction as to measure of damages for breach of quarry lease proper.* In an action to recover for breach of the covenants of a lease demising premises for the purpose of quarrying stone, wherein lessee in lieu of rent agreed to pay a royalty on each 2,500 pounds of stone removed therefrom, and where the injury sought to be recovered for consisted in the failure of defendant to work the quarry, an instruction that the measure of damages was the difference between the amount of agreed royalty on the stone which defendant ought to have

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Stoddard v. Illinois Improvement & Ballast Co., 195 Ill. App. 000.

removed and on the amount actually produced, if any, *held* to state the correct rule of law.

8. MINES AND MINERALS, § 22*—*when lessee not relieved from liability.* Lease providing for payment of royalty on stone quarried construed as not relieving lessee from obligation to work quarry merely because it could not be worked at a profit.

9. APPEAL AND ERROR, § 479*—*when error in instruction not reviewable.* Where a party fails in the trial court to make specific objection to an instruction, such party is precluded from asserting on appeal that such instruction was erroneous.

10. CONTRACTS, § 177*—*when construction to effectuate intents of parties favored.* In an action to recover for breach of the covenants of a lease demising premises for the purpose of quarrying stone, where defendant failed to use reasonable diligence in operating the quarry, the fact that during defendant's occupation of the premises under the lease no stone was removed by it is competent on the question of damages, for the reason that in such case defendant could not retain possession of the demised premises and arbitrarily refuse to operate the quarry, as such a construction of the contract would be absurd, and lead to results clearly not contemplated by the parties.

11. MINES AND MINERALS—*when instruction as to measure of damages properly refused as misleading.* In an action to recover for breach of the covenants of a lease demising premises for the purpose of quarrying stone, whereby lessee agreed in lieu of rent to pay plaintiff a royalty on each 2,500 pounds of stone removed, an instruction that the amounts paid plaintiff by the original lessee and an assignee of such lessee, both of whom operated such quarry and under assignment from whom defendant derived its title to occupy the demised premises, were not the measure of plaintiff's damages in this action *held* properly refused, as tending to mislead the jury, as though such amounts were not the measure of plaintiff's damages in this action, such amounts were evidence competent to be considered by the jury in connection with other evidence in determining how much stone, if any, defendant could have removed by the exercise of reasonable diligence.

12. MINES AND MINERALS, § 35*—*when damages not excessive.* In an action to recover for breach of the covenants of a lease whereby plaintiff demised premises to defendant's assignor for the purpose of quarrying stone, which lease contained a covenant to pay to plaintiff in lieu of rent a stated sum on each 2,500 pounds of stone quarried under the lease, a verdict for plaintiff for $2,500, *held* reasonable under any view of the evidence, where it appeared that

defendant breached the lease by retaining possession and failed to work the quarry at all for a period of about three and one half years prior to the bringing of the action.

Appeal from Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed December 8, 1915. Rehearing denied December 21, 1915.

**Statement by the Court.** Horace H. Stoddard, appellee, hereinafter called the plaintiff, brought suit against the Illinois Improvement & Ballast Company, a corporation, appellant, hereinafter called the defendant, in the Municipal Court of Chicago, in an action of the first class. The case was tried before a court and jury, and there was a verdict returned awarding the plaintiff $2,500 damages. Judgment was entered upon the verdict and the defendant has prayed this appeal.

In the amended statement of claim it is alleged: Plaintiff's claim is for the recovery of certain damages resulting from the defendant's failure to comply with a certain lease to develop and quarry rock in certain premises theretofore leased by the defendant (a copy of which lease is attached and made a part of said statement); which said lease was on January 2, 1903, executed by Bales & Son, who in said indenture covenanted to pay the plaintiff for rent of said premises, at the rate of six cents per yard for stone removed from said premises and (after the first year) nine cents per yard for rubble stone; that said leasehold was to continue to January 2, 1913, or as long thereafter as the property was suitable for quarrying purposes; that Bales & Son entered upon said premises and found therein stone suitable for quarrying purposes and quarried the same, and thereafter assigned said lease to M. J. Carpenter, doing business as the La Grange Stone Company, who quarried from said premises large quantities of stone until December, 1910, paying to the plaintiff as royalties and rent upon the said premises $12,046.08; that on December 6, 1910, Carpen-

ter assigned said lease to the defendant who thereupon took possession of the premises and all the improvements thereon; that the defendant was under a duty to proceed with due diligence to develop the said premises, which then contained and still does contain large quantities of stone for quarrying purposes; that the defendant by reason of said assignment became liable to fulfil and carry out the obligations of its predecessors to proceed and develop said land under the terms of said lease; but the defendant disregarded its implied duty in that behalf under said lease, and wholly failed and refused and still continues to fail and refuse to proceed and develop said premises for quarrying purposes, contrary to the full intent of said lease and the covenants therein expressed and implied. By reason whereof plaintiff has received nothing for the use and occupation of said premises by defendant since December 1, 1910, and has received no rent or royalties since that date and the plaintiff has also been damaged because of the defendant's failure to quarry rock from said premises; to the damage of the plaintiff in the sum of $7,500.

The defendant's affidavit of merits alleges: "1. That the only obligation of the defendant to the said plaintiff arises under a certain lease and assignments thereof to it, copies of which are to the answers of this defendant to interrogatories attached, pursuant to which this defendant went into possession of the premises by said lease demised on, to-wit: December 6, 1910; that since which time this defendant has not removed from the said premises any stone of any kind and under which lease and assignments thereon this defendant was not required to quarry stone from said premises. 2. That this defendant did not promise or undertake with the plaintiff that it would operate or develop the premises conveyed by said lease by quarrying stone therefrom. 3. That the entire obligation of the defendant is in the terms of said lease and assign-

ments thereof referred to under the heading 1 above. 4. That the defendant did not promise the plaintiff that it would develop and quarry stone upon the land and with due diligence fully develop the said premises which were by said lease and assignments thereof referred to under heading 1 conveyed to this defendant. 5. Plaintiff has not suffered any damage as set out in said statement of claim. 6. That defendant is not indebted in any amount as set out in said statement of claim. 7. That there is no custom of the country where the land or premises conveyed by said lease and assignments thereof, referred to under heading 1 above, were situated that defendant should develop or quarry stone upon said lands or premises."

The plaintiff is the owner of a 480-acre farm near La Grange, Cook county, Illinois. On January 2, 1903, he and Bales & Son entered into a lease, the material portions of which are as follows:

"This indenture made this 2nd day of January, 1903, between H. H. Stoddard, party of the first part, and L. Bales & Son, party of the second part WITNESSETH:

That Stoddard in consideration of the covenants and agreements hereinafter mentioned to be kept and performed by Bales & Son, their executors, administrators, successors and assigns, has demised and leased to Bales & Son, a tract of land (describing it) containing 10 acres more or less in Cook County, Illinois.

To have and to hold said premises with the appurtenances unto Bales & Son, their executors, successors and assigns from January 2, 1903, until January 2, 1913, or as long thereafter as the property is suitable for quarrying purposes.

Said Bales & Son in consideration of the leasing of said premises covenant and agree with Stoddard, his heirs, etc., to pay Stoddard as rent for said demised premises, the sum of six cents per yard of 27 cubic feet, or 2,500 pounds, for stone removed from the above described premises; and it is further agreed after the first year if good rubble stone is found and sold, it is to be paid for at the rate of nine cents per 2,500

pounds or cubic yard, payable quarterly on the first days of January, April, July and October of each year, during said term.

Stoddard is to have the privilege of examining the books of Bales & Son whenever wanted, after payments are due to verify the accounts rendered.

It is agreed by Bales & Son, their heirs, etc., that the whole amount of rent reserved and agreed to be paid for said demised premises and each and every installment thereof shall be and is hereby declared to be a valid and first lien upon any and all buildings and improvements on said premises, or that may at any time be erected on said premises by Bales & Son, their heirs, etc., and upon his or their interest in this lease and the premises hereby demised."

On August 15, 1905, this lease was assigned by Bales & Son to Myron J. Carpenter and his assigns; and on December 6, 1910, it was assigned by Carpenter to the defendant company.

KNAPP & CAMPBELL, for appellant; JOHN R. COCHRAN, of counsel.

EARL J. WALKER, for appellee.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

The following are the only grounds urged by the defendant for the reversal of the judgment: (1) "The motion made at the close of all the evidence to direct a verdict for the defendant should have been granted." (2) "Appellant did not expressly or impliedly covenant and agree with the appellee to remove stone from the demised premises." (3) "The burden of proof was upon the appellee to establish that the demised premises contained stone suitable for quarrying purposes, and by the exercise of reasonable skill and diligence could have been profitably removed." (4) "The court erred in the admission and exclusion of evidence." (5) "The court erred in its charge to the

jury and in its refusal to charge as requested by appellant.''

As to the first of these contentions, the defendant insists that it was error for the court to refuse to direct a verdict for the defendant, for the reason that the plaintiff predicated his right of recovery in the present case solely upon the theory that the lease in question was for a single purpose, viz., to develop and quarry rock; whereas, under the terms of the lease, the defendant had the right to make other uses of the premises. It is a sufficient reply to this contention to say, that under the terms of the said lease, the law implied a covenant on the part of the lessees and their assigns to work the quarry with reasonable diligence, and in a proper manner, so that the lessor might receive the returns contemplated in the lease (*Watson v. O'Hern,* 6 Watts (Pa.) 362; *In re Koch's Appeal,* 93 Pa. St. 434; *Daughetee v. Ohio Oil Co.,* 263 Ill. 518; Id. 151 Ill. App. 102; 1 Taylor on Landlord and Tenant [1904] sec. 369); and it is no answer to the present suit to say that the defendant had the right under the lease to till the land, or make other uses of the premises than removing stone therefrom. If such a right existed, it would not affect the defendant's duty to work the quarry, nor would it tend to lessen the damages of the plaintiff in the present suit. We do not wish to be understood, however, as intimating from what we have said, that we think that the defendant, under the terms of the lease, had the right it claims.

In support of its second contention, the defendant relies upon *Chicago & W. I. R. Co. v. Chicago & E. I. R. Co.,* 260 Ill. 246. That decision is not an authority in favor of the defendant's present contention for the reason that the lease in that case was of a different character from the one now under consideration. The cases that we have cited in passing upon the defendant's first contention are adverse to its present one and dispose of it.

In connection with its second contention the defendant argues that: "It by no means follows that if the appellee's contention, that the lease contains certain implied covenants be sustained, that he is entitled to relief which the lower court granted him as against this appellant. The assignment to the appellant by Carpenter was a mere assignment of Carpenter's rights, but without any assumption on the part of the appellant of Carpenter's obligations, if any, under the lease. The same is true of the assignment by Bales & Son to Carpenter. Therefore, the judgment below cannot be sustained upon the ground that the appellant had contracted with the appellee and that by reason of certain express provisions of the contract other implied provisions must be read into it. What the appellee's rights may be against Bales & Son growing out of the contract which he made with them is not, of course, a question that is involved in this case. Had the appellant assumed and agreed to perform the covenants and agreements of Bales & Son an entirely different question would be presented." The fact that the defendant bases its right to possession of the premises on the lease would seem to preclude it from taking this position. The defendant, clearly, stands in the shoes of the original lessee, and its rights, duties and obligations are to be determined by the lease entered into by the plaintiff and Bales & Son.

As to the third contention of the defendant it is said, that "it is alleged in the statement of claim at the time the appellant took possession of the demised premises the property contained large quantities of stone suitable for quarrying purposes. The appellee having alleged that the quarry contained stone that could have been, but was not, quarried, undertook the burden of proving those facts. The facts so alleged are a necessary part of the plaintiff's cause of action. It is obvious that if there was no stone to be quarried there was no obligation to quarry, and therefore, the

plaintiff was not damaged.'' The plaintiff's statement of claim sets forth that ''Bales & Son entered upon the said premises and found therein stone suitable for quarrying purposes and quarried said stone and thereafter assigned said leasehold interest to Myron J. Carpenter,  * * *   and said lessee and assignee did quarry from said premises large quantities of stone until the month of December, 1910, paying to the said plaintiff herein as royalties and rent upon the said premises the sum of $12,046.08  * * *   that on to-wit: the 6th day of December, 1910, the said Myron J. Carpenter by an instrument in writing assigned the said lease to the defendant herein who thereupon took possession of the said premises  * *. *   which then and still contains large quantities of stone suitable for quarrying purposes.'' As these allegations of fact are not denied in the defendant's affidavit of merits, they stand admitted, under the rules of the Municipal Court introduced in evidence. *The sole defense stated by the defendant in its affidavit of merits, save the one that the plaintiff was not damaged, is, in substance, that under the terms of the lease and assignments thereof, and regardless of the question as to whether the defendant could quarry stone profitably, the defendant was not required to remove stone from the premises and develop the premises by quarrying stone therefrom; and the defendant admits in the said affidavit that it has never removed any stone from the premises.* All defenses, the nature of which are not stated in the affidavit of merits, are considered waived by the defendant and are unavailable on the trial. *Kadison v. Fortune Bros. Brewing Co.,* 163 Ill. App. 276; *Hamill v. Watts,* 180 Ill. App. 279; *West Coast Timber Co. v. Hughitt,* 185 Ill. App. 500. The defendant did not interpose as a defense that it could not profitably remove the stone from the premises (in fact, it admits that it never made any effort to do so), and it predicates its sole defense upon the terms of the

Stoddard v. Illinois Improvement & Ballast Co., 195 Ill. App. 000.

lease and the assignments thereof.  Its defense, save in the matter of damages, only called for a construction of the lease and assignments.  It appears that Carpenter worked the quarry with profit to the plaintiff, but that as soon as the defendant obtained possession of the premises from Carpenter no more stone was removed, but the defendant still insists on holding possession of the premises, without making any effort to work the quarry and without paying any royalty to the plaintiff.  The lease provided that the lessee should have and hold the premises until January 2, 1913, *"or as long thereafter as the property is suitable for quarrying purposes."*  The defendant retained possession of the premises after January 2, 1913, by virtue of the aforesaid clause, and it, therefore, seems rather inconsistent, to say the least, that it should contend in this case that there is no evidence to establish the fact that the premises contains stone suitable for quarrying purposes, that by the exercise of reasonable skill and diligence could be profitably removed.

As to the contention of the defendant that the court erred in the admission and exclusion of evidence, we are satisfied, in view of the sole defense set up in the affidavit of merits and the nature of the same and the admitted facts in this case, that it is without the slightest merit.  The statement of counsel that "according to the theory of the trial judge, it was the appellant's duty to get out this stone even if, after it was gotten out, it could not be sold at a price which would yield a profit," and that because of the said theory the defendant was not allowed to show that it could not work the quarry at a profit, is not warranted by the record.  Both in the oral charge and by statements made during the course of the trial, the trial court held that if the defendant by the exercise of reasonable skill and diligence could not operate the quarry at a profit, the case of the plaintiff failed.  We are of the opinion that the court erred in so holding.  Under the lease in

482 APPELLATE COURTS OF ILLINOIS.

Stoddard v. Illinois Improvement & Ballast Co., 195 Ill. App. 000.

question, the defendant was not released from its obligation to work the quarry merely because the same could not be worked at a profit; and furthermore, the defendant persisted in retaining possession of the premises by virtue of the lease, and we think it is thereby precluded from claiming that the quarry could not be operated at a profit, especially in view of the clause in the lease (to which we have heretofore referred) under which the defendant held possession of the premises, after January 2, 1913. It would be a strange doctrine if the defendant, by virtue of the lease, could hold possession of the premises, in the manner that it did, and at the same time be heard to say that the quarry could not be worked at a profit. The nature of the sole defense interposed in the affidavit of merits would also prevent the defendant from now asserting that the quarry could not be worked profitably.

The defendant contends that the court erred in giving the following part of the oral charge to the jury: "You are instructed that if you find for the plaintiff you have a right to and may consider the amount of the plaintiff's damages and in arriving at your verdict you should subtract from the amount of stone which you find should have been quarried from the premises during the period from December 6, 1910, to September 10, 1913, the time of bringing this suit, the quantity actually produced, if any, and allow the plaintiff 6 cents per yard of such difference." As the defendant made no specific objection to the aforesaid part of the charge, at the time it was made, it is not now in a position to complain of the same. In any event, there is no merit in the complaint as the trial court announced the correct rule. *Daughetee v. Ohio Oil Co.*, 151 Ill. App. 102.

The defendant contends that under the charge to the jury the latter were not authorized to consider, in estimating the damages, the fact that no stone had

been removed from the premises.   This contention is answered by the Supreme Court and adversely to the defendant, in *Daughetee v. Ohio Oil Co.*, 263 Ill. 518-527.

The defendant contends that the court erred in the following portion of the charge: "The jury are instructed that the burden of proving by a preponderance of the evidence that from the 6th day of December, 1910, to the 10th day of September, 1913, the defendant in this case could, by the exercise of reasonable skill and diligence, have operated the quarry referred to in the evidence in this case and have made a profit by such operation over and above all the cost of operating said quarry and of selling the product thereof, rests, with the plaintiff, and that if the plaintiff failed to show by a preponderance of the evidence that said quarry could be operated during said time at a profit over and above the cost of operation and selling the product thereof, then they should find a verdict for the defendant." This charge would have been erroneous for reasons that we have heretofore stated.  However, as we have previously said, the trial court did charge the jury that if they believed from the evidence that the defendant could not by the exercise of reasonable diligence and skill during the said period have made a profit thereby over and above all the costs of operating the quarry and of selling the products thereof, then they should find the issues for the defendant.

The defendant next contends that the court erred in refusing to charge the jury, as requested by the defendant, as follows: "The jury are instructed that if under the evidence and the instructions in this case they find a verdict for the plaintiff, then they are further instructed that the amount heretofore paid to the plaintiff by those who operated the quarry described in the evidence in this case prior to the 6th day of December, 1910, is not the measure of the amount of the verdict which they should find in this case, if they find a verdict

for the plaintiff.'' This charge would have tended, in our judgment, to have misled the jury. While it is true that the amounts paid to the plaintiff by Carpenter ''are not the measure of the amount of the verdict'' which the jury should find in this case, nevertheless, this evidence was proper for the jury to consider, together with all the other facts and circumstances in the case, in determining the amount of stone, if any, that could reasonably have been removed by the defendant. *Daughetee v. Ohio Oil Co.*, 151 Ill. App. 102.

The defendant insists that under the lease and the assignment, it may retain possession of the premises in question without making any effort to remove stone from the quarry; that it may escape paying the plaintiff any royalty and may deprive him of the opportunity to work the quarry himself, or to permit others to do so. It would be a serious commentary on the law, if this position could be successfully maintained. The law, however, reads the lease differently from the defendant. The plaintiff is clearly entitled to recover; the damages awarded are reasonable in any view of the evidence (in fact, none of the defendant's five contentions question the amount of the same), and the judgment of the Municipal Court of Chicago should be, and it is, affirmed.

*Affirmed.*