## Adolph Hunziker, Appellee, v. Thomas A. Mulcahey and Katherine A. Mulcahey, Appellants.

1. PLEADING, § 161*—*what is effect of filing affidavit of meritorious defense.* The effect of filing an affidavit of meritorious defense is to limit the defense to the facts set up therein.

2. PLEADING, § 157*—*granting of leave to file amended or additional affidavit of merits as discretionary.* The question whether a defendant shall be granted leave to file an amended or additional plea or affidavit of merits is very largely within the sound discretion of the trial judge.

3. APPEAL AND ERROR, § 1362*—*when ruling on matter of filing amended or additional plea or affidavit of merits will constitute reversible error.* The manner in' which a trial judge exercises his discretion in the matter of defendant's application for leave to file an amended or additional plea or affidavit of merits it subject to review, and when an abuse of such discretion is found, it will constitute reversible error.

4. PLEADING, § 157*—*how discretion in matter of application for leave to file amended or additional plea or affidavit of merits should not be exercised.* The discretion of the trial judge in the matter of an application for leave to file an amended or additional plea or affidavit of merits should not be so exercised as to defeat justice but should be liberally exercised in favor of allowing such new pleadings as are essential to the presentation of a party's cause of action or defense.

5. BILLS AND NOTES, § 369*—*when payment can be proved under pleadings in action on note.* When no affidavit of claim is filed and no affidavit of meritorious defense is either filed or necessary, the defense of payment of the promissory note sued on can be proved under the general issue, but when an affidavit of claim is filed with the declaration and an affidavit of meritorious defense filed in connection with a plea of the general issue or other plea does not include payment as the defense or one of the defenses relied on, payment cannot be proved.

6. APPEAL AND ERROR, § 1362*—*when refusal to permit filing of additional affidavit of merits by defendants in action on note is reversible error.* That plaintiff had the contracts, which resulted in the giving of the note sued on, in his possession; that he had refused defendants' request that they be permitted to see such contracts; that the court had refused an order for inspection; that

the transaction in which the note was given had been closed for 7 years and more, and that defendants had forgotten the details thereof until their minds were refreshed by an inspection of the contracts when produced by plaintiff as a witness, *held* to be sufficient reasons why the defense of payment was not included in defendants' original affidavit of merits and to constitute it an abuse of discretion and error for the court to refuse to permit the filing of an additional affidavit stating such defense.

Appeal from the Circuit Court of Tazewell county; the Hon. C. V. MILES, Judge, presiding. Heard in this court at the April term, 1919. Reversed and remanded. Opinion filed October 21, 1919.

JESSE BLACK, JR. and J. M. POWERS, for appellants.

CURRAN & DEMPSEY and WILLIAM A. POTTS, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Appellee in September, 1918, began a suit in assumpsit to recover on a promissory note for, $1,000, dated September 29, 1910, signed by appellants. With his declaration he filed an affidavit of claim stating that there was then due on the note $1,453.16. Appellants filed a plea of the general issue and filed with it an affidavit of meritorious defense. The effect of filing such an affidavit is to limit the defense to the facts set up therein. *Kadison v. Fortune Bros. Brewing Co.*, 163 Ill. App. 276. In this affidavit the defense was stated to be in substance and effect that the note was given by appellants as a forfeiture in a real estate transaction and was only to be paid or collected in case appellants failed to consummate the deal; that the deal was fully consummated without default on the part of appellants in the spring of 1911, and the forfeiture note was to have been delivered up to be canceled but that appellee had neglected so to do. Later at the suggestion of the trial judge appellants

filed special pleas embodying the defense set up in this affidavit of merits. At the trial of the case before a jury, appellants called appellee to the witness stand and required him to produce the contracts in the real estate transaction in which the note was given. Upon inspection of those contracts, appellants discovered that the facts set forth in their affidavit of meritorious defense theretofore filed were not complete and then and there prepared and asked leave to file instanter two pleas, one of release and one of payment, and also prepared and asked leave to file an additional affidavit of meritorious defense in which it was stated in substance that not only was the note sued on given as a forfeiture in case appellants should not complete the real estate transaction in which it was given, but that it also constituted part of the consideration to be paid by appellants in case the deal was consummated; that the deal was in the spring of 1911 duly consummated and the consideration to be paid by appellants for the land including the note sued on was fully paid and the only reason why the note was not then and there surrendered was that appellee did not bring it with him when the parties met to complete the real estate transaction. It was amply made to appear to the court that the reason why the new facts set up in the affidavit of merits sought to be filed were not set up in the one on file was that appellants did not have in their possession the contracts concerning the real estate transaction or access to the same until the same were produced by appellee while a witness on the trial of the cause; that not only had appellants and their attorney, before the trial began, asked appellee for permission to see and copy the same and had been refused such permission, but appellants had sought an order of the court on appellee to permit such inspection, which order had also been refused by the court, and that by reason of the fact that the transaction had been closed for 7 years or more, appellants had forgotten the de-

tails of the transaction until their minds were refreshed by an inspection of the papers when produced by appellee as a witness. The right to file these two new pleas and this new affidavit of meritorious defense was denied and appellants were compelled to proceed with the trial of the case on the issues as already made up. At the end of the evidence the court peremptorily instructed the jury to find the issues for appellee and to assess the damages against appellants at the sum of $1,468.16. Judgment was entered on the verdict.

The question whether a defendant shall be granted leave to file an amended or additional plea or affidavit of merit is very largely within the sound discretion of the trial judge. The manner in which that discretion is exercised is however subject to review, and when it is found to have been abused, such abuse constitutes reversible error. It is a discretion that should be liberally exercised in favor of allowing such new pleadings as are essential to the presentation of a party's cause of action or defense. *Delfosse v. Kendall*, 283 Ill. 301. Such discretion should not be so exercised as to defeat justice. *Carlson v. Johnson*, 263 Ill. 556.

When no affidavit of claim is filed and no affidavit of meritorious defense is either filed or necessary, the defense of payment of a promissory note sued on can be proven under the general issue, but when an affidavit of claim is filed with the declaration and an affidavit of meritorious defense filed in connection with a plea of the general issue or other plea does not include payment as the defense or one of the defenses relied on, payment cannot be proved. *Kadison v. Fortune Bros. Brewing Co., supra.*

The affidavit of meritorious defense on file with the pleas in this case did not state that the note had been paid or facts amounting to payment, and the court properly under the pleadings as they stood excluded

all proof of payment. If the note was in fact paid, justice demands that appellants should have an opportunity to prove it. It was necessary, in order that they should have their defense of payment adjudicated, that an affidavit of merits putting that defense in issue should be filed. The reasons shown why the defense of payment was not included in the affidavit of merits on file and was included in the one proposed to be filed were reasonable and sufficient.

It was an abuse of discretion and error to refuse to allow appellants to file the affidavit of merits tendered.

Other errors have been argued but it will not now be necessary to discuss them. The judgment of the Circuit Court is reversed and the cause is remanded to that court.

*Reversed and remanded.*