494    APPELLATE COURTS OF ILLINOIS.

Greeman Bros. Mfg. Co. v. M. L. Nelson Furn. Co., 191 Ill. App. 494.

---

**Greeman Brothers Manufacturing Company for use of National Trust & Credit Company, Appellant, v. The M. L. Nelson Furniture Company, Appellee.**

**Gen. No. 20,327. (Not to be reported in full.)** ´

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed with finding of facts. Opinion filed February 24, 1915. Rehearing denied March 9, 1915.

### Statement of the Case.

Action by Greeman Brothers Manufacturing Company, suing for the use of National Trust & Credit Company, against The M. L. Nelson Furniture Company for money due on an alleged assignment of accounts. From a judgment against the plaintiff in favor of the defendant, plaintiff appeals.

Plaintiff's statement of claim filed in the Municipal Court of Chicago in an action of the first class in contract stated that its claim for the use of the beneficial plaintiff was for the total sum of $2,557.77 due and owing for certain consignments of furniture sold and delivered to the defendant by the nominal plaintiff during the months of December, 1911 and January, 1912. An itemized statement showing the dates and the respective amounts of the various consignments was attached to the statement and made a part thereof. Interest was claimed on said total sum from February 1, 1912.

Greeman Bros. Mfg. Co. v. M. L. Nelson Furn. Co., 191 Ill. App. 494.

Defendant's affidavit of merits alleged that the defendant was not indebted to the nominal plaintiff or to any one else for the items and amounts as set out in said statement of claim, and that the defendant had heretofore paid to the nominal plaintiff all of the various amounts for the merchandise set out in said statement of claim, and that for said items neither the nominal plaintiff nor any one else had any claim against the defendant.

JOHN W. CREEKMUR, D. J. DEWOLFE and ROBERT G. DREFFEIN, for appellant.

BUNGE & HARBOUR, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*requirements of Practice Act.* Under the Practice Act, ch. 110, sec. 55, (J. & A. ¶ 8592), the defendant in its affidavit of defense is required to specify the nature of its defense, and to limit the issues to be tried to the defense set out in an affidavit.

2. PAYMENT, § 27*—*burden of proof.* The burden of proving payment is upon the party pleading it.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*insufficiency of affidavit of merits to raise issues.* Where an affidavit of merits filed in the Municipal Court simply alleges that the defendant is not indebted to the plaintiff or to any one else, to the items and amounts set out in a statement of claim, and that the defendant "has heretofore paid" to the nominal plaintiff all of the various amounts for the merchandise set out in the statement of claim and that for said items neither the nominal plaintiff nor any one else has any claim against the defendant, *held* that the only defense set forth in the affidavit of merits is that of the payment, since the other allegations were mere conclusions, which did not meet with the requirements of the Practice Act, ch. 110, sec. 55 (J. & A. ¶ 8592).

4. ASSIGNMENTS, § 36*—*evidence requiring recovery on.* Where the reviewing court finds as facts that on a certain day defendant

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

became and was indebted in a certain sum to the nominal plaintiff on certain accounts due and owing for furniture sold and delivered by said nominal plaintiff to said defendant, and that on said date said nominal plaintiff sold and assigned said accounts for a valuable consideration to the beneficial plaintiff, and that said defendant received notice of said sale and assignment of said accounts, and that said defendant had not at any time since said date made any payment on said accounts or for said furniture, and that said defendant was still indebted on said accounts and for said furniture to the nominal plaintiff, *held* that a judgment in favor of defendant would be reversed and judgment entered in the Appellate Court for said sum and interest accrued.