## Clinton Company, Defendant in Error, v. Otto G. Stiles, Plaintiff in Error.

### Gen. No. 21,662.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH E. RYAN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed January 17, 1916.

### Statement of the Case.

Action by the Clinton Company, a corporation, plaintiff, against Otto G. Stiles, defendant, in the Municipal Court of Chicago, to recover for printed matter sold and delivered. To reverse a judgment for plaintiff for five hundred and fifty dollars, defendant prosecutes this writ of error.

One Gustave H. Knospe and defendant were doing business under the name of Northern Investment Company. Knospe contracted with plaintiff in the name of the Investment Company for printing matter designated as "Bank of Prosperity Certificates." The whole order was for 4,250,000 certificates, 1,250,000 of which were delivered to and paid for by Knospe. Afterwards defendant bought from Knospe the business of the company, assuming its liabilities as part of the consideration and continuing to transact business in its name. Among other liabilities assumed was plaintiff's claim in this action, although defendant contended otherwise. The certificates were delivered to defendant at his place of business, but he rejected them. Defendant wrote to plaintiff:

"The sample of the Bank of Prosperity bills that you sent to me are not quite up to standard, either in regard to quality or color of the sample on which you contracted to furnish me. I hereby notify you that I shall refuse to accept same and look to you to reimburse me on any losses I may sustain by being delayed on the advertising matter.

NORTHERN INVESTMENT Co.,
Per O. G. Stiles, Mgr."

The case was tried by jury. At the close of plaintiff's evidence defendant moved for a peremptory instruction in its favor, which was denied, and the case went to the jury on plaintiff's evidence, defendant not offering any evidence. The jury found a verdict for plaintiff.

CHARLES R. NAPIER and CHARLES S. McILVAINE, for plaintiff in error.

DANIEL P. TRUDE, for defendant in error; M. MARSO, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. EVIDENCE, § 154*—*when letter constitutes admission of assumption of liability by third person.* In an action to recover for printed matter sold and delivered, where the contract for such printed matter was made by one whose liabilities defendant assumed as part of the consideration by which he purchased such person's assets and business, and where the defense was that defendant never assumed liability to plaintiff, a letter written by defendant to plaintiff, complaining of the quality of the printed matter delivered as being in breach of a contract, and threatening to hold plaintiff liable for such breach, *held* to be an admission of defendant's assumption of liability on such other person's contract with plaintiff.

2. FRAUDS, STATUTE OF, § 22*—*when contract assuming debts not within statute.* In an action to recover for printed matter sold and delivered, where plaintiff's cause of action was based on the assumption by defendant of the liabilities of one who had contracted for the sale and delivery of the printed matter sued for, such assumption being part of the consideration of the purchase of such third person's assets and business, contract *held* not void under the Statute of Frauds as being a promise not in writing to pay the debt of another, the statute having no application to such a case.

3. CONTRACTS, § 349*—*when action maintainable by party in in-*

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*terest.* A third person for whose benefit a contract has been made may maintain an action for breach of the contract.

4. FRAUDS, STATUTE OF, § 13*—*what constitutes original undertaking.* A contract made for the benefit of a third person is an original undertaking and is not required to be in writing under the Statute of Frauds, such a contract not being within the statute.

5. CONTRACTS, § 349*—*when third person may maintain action on contract for his benefit.* In order that a third person may maintain an action on a contract made for his benefit, it is not necessary that the consideration of the contract move from such third person, providing he elects to affirm the promise made in his behalf.

6. CONTRACTS, § 349*—*what constitutes affirmation by third person of promise on his behalf.* A third person who brings suit on a contract made for his benefit thereby affirms the promise made in his behalf.

7. MUNICIPAL COURT OF CHICAGO, § 13*—*what constitutes waiver of objection to statement of claim.* A defendant waives objection to plaintiff's statement of claim in that such claim does not state a cause of action by pleading and proceeding to trial on the merits.

8. MUNICIPAL COURT OF CHICAGO, § 13*—*when defense not pleaded in affidavit of merits unavailable.* In an action to recover for goods sold and delivered, the defenses that the goods delivered are unsatisfactory or not in accordance with the contract are not available to defendant on the trial if he has not pleaded such defenses in his affidavit of merits, since defendant on the trial is limited to the defenses made by his pleading.

9. TRIAL, § 204*—*when verdict properly directed.* Where defendant offers no evidence and plaintiff's evidence establishes his claim, it is proper to direct a verdict for plaintiff for the amount claimed.

10. APPEAL AND ERROR, § 1523*—*when verdict not reversed on appeal.* Where defendant offers no evidence and plaintiff's evidence establishes his claim, a court of review will not reverse although there were errors in instructions.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.