# M. H. McGovern, Appellee, v. City of Chicago, Appellant.

## Gen. No. 22,420.

1. APPEAL AND ERROR, § 1682*—*when rulings on demurrers not reviewable.* Error of the trial court in failing to enter judgment on demurrers to replications cannot be availed of on review where the defendant, instead of preserving for review the questions presented by the demurrers by standing by them, waived such error by rejoining to the replications.

2. APPEAL AND ERROR, § 864*—*how questions must be preserved for review.* The abstract is a pleading of the parties in a court of review and whatever is sought to be reviewed must be contained therein.

3. APPEAL AND ERROR, § 864*—*what errors reviewable in absence of motion for new trial.* Without a motion for a new trial in a cause

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tried by a jury, there can be no review except as to errors assigned on the common-law record, appearing in the abstract.

4. APPEAL AND ERROR, § 1060*—*when ruling on motion for new trial not presented for review.* Though the abstract on appeal shows that a written motion for a new trial was filed, the question of the correctness of the ruling thereon is not presented for review where the reasons assigned in the motion for granting it are not preserved in the abstract.

5. APPEAL AND ERROR, § 864*—*what Appellate Court will not do to reverse.* The Appellate Court will not go to the record to reverse the case although it will search the record to affirm regardless of the abstract.

6. APPEAL AND ERROR, § 887*—*when errors assigned on refusal to grant new trial not reviewable.* Where an examination of the record showed that errors assigned on a refusal to grant a written motion for a new trial were different from the reasons urged in the motion, which was not included in the abstract of record, *held* that such errors were not reviewable.

7. MUNICIPAL CORPORATIONS, § 377*—*when contract for paving valid.* A contract entered into by a city for the repairing of a pavement, *held* valid and binding on the parties thereto. .

8. MUNICIPAL CORPORATIONS, § 409*—*when city cannot evade payment for work done under contract.* Where a contract with a city for repairing its pavement had been performed by the contractor to the satisfaction of the Commissioner of Public Works in accordance with the provisions of the contract, *held* that the city was estopped from evading payment for the work done.

9. CONTRACTS, § 360*—*what prevents defendant from contesting validity of contract.* The defense of payment for work done under a contract fully performed by the plaintiff amounts to an affirmance of the contract and prevents the defendant from contesting its validity.

10. MUNICIPAL CORPORATIONS, § 158*—*what capacity in contracting for street repairs.* A city in contracting for the repair of its streets acts in its business capacity and not in its governmental capacity.

11. MUNICIPAL CORPORATIONS, § 384*—*when advertisement for bids unnecessary.* Advertisement for bids are not required before letting a contract for the repair of asphalt pavements of the City of Chicago which does not call for a specified sum in excess of $500. .

12. MUNICIPAL CORPORATIONS, § 235*—*what taxes available for paving streets of Chicago.* The vehicle tax is both by statute and ordinance available for the payment of work done in paving the streets of the City of Chicago.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

13. MUNICIPAL CORPORATIONS, § 314*—*what does not invalidate ordinance appropriating money for improvement.* Where it was estimated that the fund that would be received by a tax available for street repairs would be more than sufficient to pay for work done under a contract, *held* that the uncertainty as to the amount to be realized from the tax in no way invalidated the appropriation ordinance.

14. MUNICIPAL CORPORATIONS, § 409*—*when validity of contract for improvement cannot be challenged.* Where street repairs were made by a contractor as directed by the Commissioner of Public Works, as provided by the contract, compensation being at a price ascertainable by measurement, *held* that the city could not in an action by the contractor, challenge the validity of the contract because of the omission of some preliminary formality, irrespective of the manner in which it was entered into.

15. MUNICIPAL CORPORATIONS, § 412*—*when evidence shows price for paving done under contract.* Where the contract price for paving done for the city was proved from original books kept by the city's inspectors who inspected the work and approved it, *held* that the city could not be heard to challenge the sufficiency of such proof in an action for compensation for work done under the contract.

16. CONTRACTS, § 374*—*who has burden of proof of payment.* In an action to recover for work done under a contract, *held* that under a plea of payment the burden of proof rested upon the defendant to prove payment by preponderance of the evidence.

17. MUNICIPAL CORPORATIONS, § 412*—*when evidence does not show payment under contract.* In an action to recover for street repair work done for a city, *held* that the evidence introduced by the defendant failed to sustain its plea of payment.

18. PLEADING, § 161*—*how defenses restricted by filing affidavit of meritorious defense.* In an action on a contract where the plaintiff files with his declaration an affidavit as provided for in J. & A. ¶ 8592, and the defendant files an affidavit of meritorious defense as therein provided for, the defendant is restricted to the defenses set up in his affidavit.

19. PLEADING, §.152*—*when municipality must file affidavit of meritorious defense.* J. & A. ¶ 8592, requiring an affidavit of meritorious defense to be filed with a plea where the plaintiff filed with his declaration an affidavit showing the nature of his demand, applies to municipal corporations.

Appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in this court at the March

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

term, 1916. Affirmed. Opinion filed November 27, 1916. Rehearing denied December 11, 1916.

SAMUEL A. ETTELSON, for appellant; LEON HORN-STEIN and CHESTER E. CLEVELAND, of counsel.

BENSON LANDON and ROBERT N. HOLT, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from a judgment of $114,714.80, rendered on the verdict of a jury against the City of Chicago and in favor of plaintiff, M. H. McGovern.

This action is grounded upon a contract entered into between the City of Chicago and M. H. McGovern Company, a corporation, for the repairing of asphalt pavements in the City of Chicago, and is dated June 1, 1908. The contract provides that work under it shall commence June 2, 1908, and be completed on or before the 1st day of July, 1909. Under this contract certain work was done in accord with its terms by the McGovern Company in repairing asphalt pavements of certain streets in the city, and recovery is sought of the amount due and unpaid at the contract rate for such work. The contract provided that all such repair work was to be done under the supervision of the Commissioner of Public Works of the city. Plaintiff is the assignee of the claim for money due under the contract.

The declaration consists of three counts, two declaring upon the contract specially and the third being the common counts. With this declaration plaintiff filed an affidavit showing the nature of the demand to be for work done and materials furnished for repairing certain streets with asphalt, and stating as the amount due after allowing all just credits, deductions and set-offs, the sum of $117,394.22. An itemized copy of the account representing the claim, showing the work done

and the prices charged therefor, was attached to and filed with the declaration. To this declaration defendant interposed a plea of the general issue, supported by an affidavit of meritorious defense. This affidavit was made by an engineer of the city conversant with the facts regarding plaintiff's claim, and he swears "that the defendant has a meritorious defense to the whole of plaintiff's case; that M. H. McGovern Company was paid for all the paving work done under its contract with the city, for which it was justly entitled to compensation; that M. H. McGovern Company accepted and signed for a final voucher purporting to be and intended as the final payment for all moneys due to it for asphalt paving work and material furnished or performed under its said contract with the city; and that there is no further money due to M. H. McGovern Company or to plaintiff." By leave of court defendant subsequently filed seven additional pleas which severally set up lack of appropriation; that the contract was *ultra vires;* that it was void and contrary to law as being contrary to the advertisement for bids, and contrary to the specifications; that it was not let to the lowest bidder; that it exceeded the appropriation, extended beyond the fiscal year; contained an unbalanced bid; and contending that no recovery could be had for extra work, accord and satisfaction, payment and set-off. No affidavit of merits was filed with any of these additional pleas nor any affidavit of merits other than the one mentioned above as filed with the plea of the general issue. To these pleas plaintiff replied. To the replications to the second, third and fourth special pleas, defendant demurred, which demurrers being overruled by the court, defendant joined issue on all the pleas by rejoining.

The errors assigned and argued are encompassed within the following statement, viz.: That the trial court erred in failing to enter judgment on the demur-

rers to the replications to certain additional pleas, and in holding that the city was, by reason of its own wrong, estopped from availing of the defenses set up in the pleas replied unto; errors in the admission and exclusion of evidence; in failing to direct a verdict for defendant for the reason that there was no basis upon which a verdict for plaintiff could stand; that the plea of accord and satisfaction was sustained by the proofs; error in the giving and refusing to give certain instructions and in rulings on procedure during the trial.

Passing upon the initial error above set out, suffice it to say that it cannot be availed of on review because defendant, instead of preserving for review the questions presented by the demurrers, by standing by them, waived such questions by rejoining to the replications demurred to. *Bennet v. Gilbert,* 94 Ill. App. 505, in which the court say: "The appellee, by replying issuably to appellant's special plea, waived his demurrer to the plea. The rule that pleading issuably to a declaration or other pleading is a waiver of a prior demurrer to such declaration or pleading, is too familiar to require citation of authorities." By like reasoning, the filing of rejoinders to the replications demurred to waived the demurrers.

The abstract is the pleading of the parties in a court of review, and whatever is sought to be reviewed must be contained in that pleading. Without a motion for a new trial in a cause tried by jury, there can be no review except as to errors assigned on the common-law record appearing in the abstract. An examination of the abstract develops the fact that a written motion for a new trial was filed, and it is stated that the grounds for such motion are substantially the same as the errors assigned on the record. This is not sufficient to bring to this court for review the questions presented to the trial court as reasons for granting a new trial. To avail of such written motion, that por-

tion relied upon for reversal must appear in the abstract. This court will not go to the record to reverse, although it will search the record, regardless of the abstract, to affirm. In an endeavor to verify the statement that the reasons in the written motion for a new trial are substantially the same as the matters assigned for error, we have gone to the record and find therefrom that such statement is unsupported. Twelve distinct reasons were assigned in the written motion for a new trial, while twenty-one errors, some of them in many essential particulars different from the reasons appearing in the written motion for a new trial, are assigned on the record. It therefore follows that the errors assigned which involve the bill of exceptions are not reviewable. As said in *People v. Paul,* 167 Ill. App. 557:

"The abstract of the record is the pleading of the party seeking to have such record reviewed upon appeal or by writ of error, and the error relied upon to effect a reversal of the judgment must be made to appear by such abstract. *Gage v. City of Chicago,* 211 Ill. 109."

And the court said in *Gibler v. City of Mattoon,* 167 Ill. 18:

"It is the duty of parties bringing cases here for review to prepare and file complete abstracts of the record in accordance with the rules, and such abstracts as we can safely rely upon. It is not our duty to perform this work of counsel, which, in detail, as to them is inconsiderable, but when imposed upon us is, in the aggregate, extremely burdensome. * * * The rule is the same in all cases and should not be relaxed."

In *Rehfuss v. Hill,* 243 Ill. 140, the court, in disposing of the question of the admission of copies of certain exhibits, said:

"Be that as it may, appellant is in no position to raise this question. Copies of these exhibits were not made a part of appellant's abstract. Our rules require that an abstract 'must be sufficient to fully present

every error and exception relied upon.' (235 Ill. p. 14.) It is impossible from the abstract, without copies of the plats, to say whether there is any merit in the objections of appellant as to the admission of these plats. It is the duty of parties bringing cases here for review to file complete abstracts of the record, in accordance with the rules, of every point which they wish to present to this court. *Gibler v. City of Mattoon*, 167 Ill. 18; *Lasher v. Colton*, 225 id. 234."

In *Village of Des Plaines v. Winkelman*, 270 Ill. 149, on petition for a rehearing, where an objection made was not abstracted and where counsel charged that the court misapprehended the state of the record, the court said:

"Our apprehension of the record is derived from the abstract prepared by the appellant and accepted as correct by the appellee. That abstract does not show the objection above quoted, and the appellee did not supply the omission, if it was an omission. Under such circumstances the court does not search the record to ascertain the issues but acts entirely upon the abstract. The court did not misapprehend the record and a rehearing is denied."

Applying these salutary rules of procedure to the instant case, the record stands before us in the same position as if no motion for a new trial had been made. The resulting consequence is that that part of the record not embraced within the common-law record cannot be reviewed by this court on this appeal. However, notwithstanding the conclusion as to our right to review the record in the condition in which we find the abstract, as above noted, we will nevertheless review briefly a few of the salient and controlling points argued by counsel.

As to the contention that the contract was illegally let, it is our opinion that the city had the power to make the contract and that it is binding upon the parties. The McGovern Company having performed the contract on its part and having done the work

under it to the satisfaction of the Commissioner of Public Works, after inspection by inspectors appointed by the city for that purpose, and nothing remaining to be done under the contract but to pay for the work done under it, the contract is an executed one and the city is estopped from evading its binding force.   Furthermore, the defense of payment was an affirmance of the contract, and such defense cut off defendant from the right to contest its validity.

The City of Chicago in its repair of streets acts in its business capacity and not in its governmental capacity, and as the contract was not for a specific sum in excess of $500, advertisements for bids were not required.   Whatever may be said about the contract exceeding the $50,000 specifically mentioned in the appropriation ordinance, the vehicle tax, both by statute and ordinance, is available for repair work, and was included in the appropriation ordinance.   Item 96, sec. 62, ch. 24, Rev. St. [J. & A. ¶ 1334 (96).]   It was estimated that the fund raised from such vehicle tax would exceed half a million of dollars annually.   This amount, if raised, would be more than sufficient to pay for all asphalt pavement repairs under the McGovern contract.   The uncertainty of the amount to be realized in no way invalidated the appropriation ordinance. *People ex rel. Becker v. Miner,* 46 Ill. 384.

· Under the contract repairs were made by the contractor as directed by the Commissioner of Public Works and in different quantities, the compensation being at a price ascertainable by measurement, by the yard for repairs and by the ton for material (*Sanitary District v. George F. Blake Mfg. Co.,* 179 Ill. 167), and irrespective of the manner in which the contract was entered into, it having been performed by the contractor, the city cannot challenge its validity because of the omission of some preliminary formality.   *City of Chicago v. Pittsburg, C., C. & St. L. Ry. Co.,* 244 Ill. 220; *County of Coles v. Goehring,* 209 Ill. 142.

There is no proof of accord and satisfaction in this record. What was paid by the warrant in evidence had nothing whatever to do with the asphalt repairing sued for in this action. It related to another account for other work and was in payment of fifteen per cent. retained from the amount due and agreed upon between the city and the McGovern Company.

The contract price, which controls, was proven by plaintiff from the original entry books kept by the city's inspectors who inspected the work and approved it, and all of it was accepted by the city. In other words, proof of the amount due for work done was established by the city's employees and by its own books kept for that purpose, and we fail to find any evidence contradictory of that furnished by the city's employees and books. We think the fact that proof of the amount due was made from the books and by the evidence of the servants of the city was the best proof available, which the city cannot be heard to challenge for sufficiency.

Under defendant's plea of payment, the burden rested upon it to prove payment by a preponderance of the evidence. *Greeman Bros. Mfg. Co. for use of National Trust & Credit Co. v. M. L. Nelson Furniture Co.*, 191 Ill. App. 494. This the defendant failed to do by any evidence of any payment made upon the account in suit.

By section 55 of chapter 110, Rev. St. (J. & A. ¶ 8592), and the decisions of our courts of review construing this section, a defendant is restricted to the defense set up in his affidavit of meritorious defense. The defense in the city's affidavit of merits was that of payment, and if objections had been made upon the trial to all evidence tendered in defense other than that of payment, it would have been the duty of the court to have sustained such objections. Notwithstanding all the pleadings in the record, the only de-

fense available to defendant was the one of payment made in its affidavit of merits. A municipal corporation is governed by the same rules as natural persons, and section 55, *supra,* requiring an affidavit of meritorious defense to be filed with pleas, where plaintiff files with his declaration an affidavit showing the nature of his demand, is binding upon municipal corporations. *City of Chicago v. Peck,* 196 Ill. 260. Section 55, *supra,* is by rule, as the statute permits, adopted as a rule of practice in the Municipal Court. In *Walter Cabinet Co. v. Russell,* 250 Ill. 416, the court said:

"While the formalities of pleading have been abolished by statute, it is still the law in the Municipal Court, as in other courts, that a party is limited, in his evidence, to the claim he has made; that he cannot make one claim in his statement and recover upon proof of another without amendment. The issue is made by the statement of claim, and the evidence must be limited by that statement. The issue cannot be enlarged by oral claims."

And in applying this *dicta* of the Supreme Court in the case of *Isbitz v. Chicago City Ry. Co.,* 192 Ill. App. 487, this court said:

"What was there said was sufficient for the disposition of the question there presented, but we see no reason why for a like reason it should not be held that the issues to be tried and upon which evidence must be introduced are those made by the statement of claim and the affidavit of meritorious defense, and that when in an affidavit of meritorious defense the defendant places its defense on particular grounds therein specified, proof of all other averments in the statement of claim either of substance or of inducement are waived."

In *Kadison v. Fortune Bros. Brewing Co.,* 163 Ill. App. 276, the court say:

"By section 55 of the Practice Act (J. & A. ¶ 8592), it is provided that when the plaintiff shall file with his

declaration an affidavit of claim, the defendant, in order to prevent a judgment as by default, shall file with his plea an affidavit, 'stating that he verily believes *the defendant* has a good defense to said suit upon the merits to the whole or portion of the plaintiff's demand *and specifying the nature of such defense,* and if a portion, specifying the amount.'

"The affidavit of merits in this case was filed in compliance with the provisions of said section 55, so made part of the rules of practice in the Municipal Court. The part of section 55 above quoted has been in force for many years with the exception of the words in italics. Those words were added in a revision of the Practice Act that went in force July 1st, just before that section was adopted by the Municipal Court as part of its rules of practice. Prior to the addition of these words, it was held that an affidavit, stating that the defendant had a good defense to the suit upon the merits, was sufficient to entitle the defendant to prove any defense he had that was well pleaded. The addition of the words 'and specify the nature of such defense' was not inadvertently made. The purpose of requiring the affidavit of merits to set out the nature of the defense relied on was to give the plaintiff notice of the real defense to be presented and to limit the issues to be tried to the defense set out in the affidavit. All defenses, the nature of which are not set up in the affidavit, are considered waived and are unavailable on the trial."

*Greeman Bros. Mfg. Co. for use of National Trust & Credit Co. v. M. L. Nelson Furniture Co., supra,* in, which it was held that the only defense set forth in the affidavit of merits was that of payment and that the defense was limited to that issue. *Hamill v. Watts,* 180 Ill. App. 279; *Weil v. Federal Life Ins. Co.,* 182 Ill. App. 322.

In *Clinton Co. v. Stiles,* 197 Ill. App. 505, in this court, we said:

"In defendant's affidavit of defense he did not claim that the circulars were not satisfactory or that they

were not in accord with the contract.  Such defenses, therefore, could not be availed of upon the trial.  Defendant is limited to the defenses made by his pleading.  *Kadison v. Fortune Bros. Brg. Co.,* 163 Ill. App. 276.''

No sufficient reason appearing why the judgment of the Superior Court should be disturbed, it is affirmed.

*Affirmed.*