# George W. Reddig et al., trading as Reddig Company, Defendants in Error, v. John Looney, Plaintiff in Error.

## Gen. No. 6,410.

1. PLEADING, § 161*—*limitation of defense to matter set out in amended affidavit of merits under former statute.* Under section 36 of the Practice Act prior to July 1, 1907, if an original affidavit of merits was adjudged insufficient and defendant asked leave to file an amended affidavit, the court had a right to require him to state therein the facts showing a meritorious defense, and when he filed such affidavit his defense was limited to what he set out therein.

2. PLEADING, § 161*—*what is rule under present statute as to giving evidence of matter of defense where affidavit of merits filed.* Section 55 of the present Practice Act (J. & A. ¶ 8592), considered in connection with the corresponding section 36 of the prior Practice Act, and decisions construing same, requires that when the nature of the defense was required to be stated in an affidavit of merits all the defense the party has should be so stated, and he will not be permitted to give in evidence any matter of defense not so stated in the affidavit.

3. PLEADING, § 150*—*what is meaning of words "specify the nature of the defense" in statute relating to affidavit of merits.* The words "specify the nature of the defense" used in section 55 of the Practice Act (J. & A. ¶ 8592) mean that the affidavit of merits must set out the facts which constitute the defense, so that the plaintiff may have reasonable notice what the defense is.

4. PLEADING, § 148*—*limitation of recovery to what is stated in affidavit of claim as connected with declaration.* Plaintiff can prove

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and recover only what is stated in his affidavit of claim, and not that unless he has an appropriate declaration on the cause of action.

5. Pleading, § 150*—*when pleading appropriate to defense set out in affidavit of merits is essential.* Defendant can only prove such defense as is stated in his affidavit of merits, and not that or have a verdict upon it unless he has a pleading appropriate to that defense, with the statutory exceptions of demurrers and motions.

6. Pleading, § 161*—*when instruction on waiver of matter of defense not set out in affidavit of merits proper.* An instruction that defendant waived matter of defense not set out in his affidavit of merits, *held* proper.

7. Appeal and error, § 1674*—*when plaintiff waives insufficiency of affidavit of merits.* In an action to recover on the consolidated common counts, with a copy of the account and affidavit, for plumbing work, to which defendant pleaded set-off and recoupment, with affidavit of merits as to "damages in the sum of $350 by reason of the breach of the contract sued upon in the declaration," on which issue was joined, without plaintiff moving to expunge this fact from the affidavit of merits, and plaintiff offered evidence to prove his entire case, *held* that plaintiff thereby treated defendant's affidavit of merits as sufficient to require such proof, and an instruction that the jury must regard it as admitted that the labor and material sued for were furnished was erroneous.

8. Instructions, § 118*—*when instruction is erroneous as inapplicable to evidence.* The giving of an instruction, under a set-off claimed for certain advertising, that if a specific agreed price was not established by a preponderance of the evidence no credit should be allowed for the advertising, was erroneous where the undisputed evidence showed that the advertising was worth a certain amount.

Error to the Circuit Court of Rock Island county; the Hon. William T. Church, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded. Opinion filed August 7, 1917.

John Looney, *pro se.*

H. A. Weld, for defendants in error.

Mr. Justice Dibell delivered the opinion of the court.

In 1911, George W. Reddig, R. R. Reddig and F. O. Reddig, partners as Reddig Company, brought this suit against John Looney to recover for plumbing

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

work done in 1910, and filed the common counts in assumpsit, with a detailed copy of the account sued on, and an affidavit of claim. Defendant filed the general issue and several special pleas, including set-off and recoupment, together with an affidavit of merits setting up four particulars of his defense, viz.: $50 attorney's fees; $80, cash payments beyond those credited him in plaintiff's statement of account; $350 damages by reason of the breach of the contract sued on; and $90 for advertising. Plaintiffs filed replications and defendant rejoined thereto. The issues, except the rejoinders, were completed in 1911. The case was tried in October, 1916, and during the trial, to meet a ruling of the court, defendant filed an additional plea and an affidavit of merits therewith. Plaintiffs filed replications thereto. There was a jury trial and the evidence was conflicting, and there was a verdict for plaintiffs for $269.95, which was the amount claimed by plaintiff, less an enlarged credit for cash payments conceded on the trial. Plaintiffs had judgment, which defendant seeks to review by this writ of error. In various pleadings and affidavits and instructions, the suing party is often called "plaintiff" instead of "plaintiffs." This is also true of the verdict and the judgment. We shall therefore assume that where the word "plaintiff" is used in the pleadings of the defendant, the plural number is intended.

It is argued that the court erred in giving instruction No. 1, requested by plaintiffs, to the effect that the defendant in his affidavit of defense did not deny that the labor and materials sued for were furnished, and that the jury must regard it as established that they were so furnished. This requires consideration of the force and effect of section 55 of the present Practice Act (J. & A. ¶ 8592), and also of the meaning to be attributed to the affidavit of merits filed herein. Section 55 of the Practice Act of 1907 requires that where the plaintiff files a proper affidavit of claim he

shall be entitled to judgment as in case of default, un-less defendant, or his agent or attorney, files with his plea an affidavit that he verily believes the defendant has a good defense upon the merits to the whole or a portion of the plaintiff's demand, and if to a portion only, specifying the amount, and specifying the nature of such defense. Instruction No. 1 is based on the position that whatever is not specified as a defense in such affidavit is waived, or that all plaintiffs' case not denied by the affidavit is conclusively admitted. For many years prior to July 1, 1907, the corresponding provision of the Practice Act was section 36, and it did not contain the requirement that the affidavit of merits should specify the nature of the defense. Under this former statute the Supreme Court held in *Allen v. Watt,* 69 Ill. 655, that the affidavit filed with the plea should describe with reasonable certainty the entire ground of defense relied upon, except such as was of a dilatory character, which was expressly excepted; and where an affidavit was filed setting up a certain defense, it was a necessary implication therefrom that this was all the defense the defendant had, and that it was not competent to prove an additional defense not included in the affidavit. In *Haggard v. Smith,* 71 Ill. 226, it was held that the object of this provision in the Practice Act was to prevent vexatious delays caused by filing pleas where there was no real defense, and that, if defendant had no defense that he could support by his own affidavit, he ought to allow the creditor to have judgment, and the defense claimed having been allowed, his affidavit presented no further defense and the judgment by default was proper. In *Mayberry v. Van Horn,* 83 Ill. 289, defendant pleaded the general issue and an affidavit that he had a good defense on the merits to a certain amount. Plaintiff took judgment for all his claim except that amount. The court held there was no defense to the suit except as to the amount allowed, and affirmed the judgment.

In *Henry v. Meriam & Morgan Paraffine Co.*, 83 Ill. 461, plaintiff filed an affidavit of claim with its declaration and defendant filed pleas of the general issue and *nul tiel corporation*, with an affidavit of merits as to $40. The court gave plaintiff a judgment for the amount sued for, less $40, disregarding the plea of *nul tiel corporation*. The court held that, as the affidavit of merits did not set up the defense that there was no such corporation, the court could either strike that plea from the files or disregard it, and the judgment was affirmed. In *McCord v. Crooker*, 83 Ill. 556, it was held that if a defendant in an affidavit of merits undertakes to set up the facts constituting his defense, and if the facts so stated do not necessarily present a defense, the court is justified in holding the affidavit insufficient and in refusing to allow the plea to be filed. In *McKichan v. Follett*, 87 Ill. 103, the affidavit of merits was stricken from the files for supposed defects and the defendant asked leave to amend, which the court refused unless he would show a meritorious defense, and he obtained extension of time within which to file such an affidavit, and did not file it, and judgment was rendered against him. It was held that the court did not exceed its power in requiring a meritorious defense to be disclosed as a condition to allowing the amendment. In *Culver v. Johnson*, 90 Ill. 91, an affidavit of merits was adjudged insufficient and defendant was ruled to file an amended affidavit showing his defense. He filed another affidavit, and the court held it did not show a good defense and struck it and the plea from the files and entered judgment. The Supreme Court held that the defendant was not bound to file the second affidavit, but that having undertaken to do so, he was bound to show a meritorious defense. It seems clear from these and other cases that under the former statute, if the original affidavit was adjudged insufficient and a defendant asked leave to file an amended affidavit, the court

had a right to require him to state therein the facts showing a meritorious defense, and when he filed such an affidavit his defense was limited to what he set out therein. In this condition of the decisions the present Practice Act was so amended as to require that the affidavit of merits should in the first instance specify the nature of the defense. It is reasonable to suppose that the Legislature intended thereby to also adopt the principle of the previous decisions that when the nature of the defense was required to be stated in an affidavit, all the defense the party had should be so stated, and that he would not be permitted to give in evidence any matter of defense not so .stated in the affidavit. If a defendant might at the trial give in evidence substantial matters of defense not stated in his affidavit of merits, the requirement that he should set forth the nature of his defense would be of no avail and would operate as a snare to the plaintiff. We held, under this statute in *Miller v. Thomas,* 200 Ill. App. 125, that defendants were confined to the defense set up in their affidavits of merits. The act governing the Municipal Court of Chicago contains a similar provision, and there are numerous cases in the Appellate Court, First District, where the defendants have been held limited to the defense set up in the affidavit of merits. These cases, however, are not all strictly applicable here, because there is in the Municipal Court a rule which limits defenses at the trial to those which are set out in the affidavit. That rule is shown in *Perry v. Krausz,* 166 Ill. App. 1; *Hamill v. Watts,* 180 Ill. App. 279, and other cases. That rule, however, was intended to apply the spirit of said section 55 of the Practice Act, and many of the cases in the First District discuss and are based upon both section 55 and the rule of the Municipal Court. Thus, in *Kadison v. Fortune Bros. Brewing Co.,* 163 Ill. App. 276, discussing the words "specifying the nature of such defense," in said section 55, the court said:

"Prior to the addition of these words, it was held that an affidavit stating that the defendant had a good defense to the suit upon the merits was sufficient to entitle the defendant to prove any defense he had that was well pleaded. The addition of the words 'and specify the nature of such defense' was not inadvertently made. The purpose of requiring the affidavit of merits to set out the nature of the defense relied on was to give the plaintiff notice of the real defense to be presented and to limit the issues to be tried to the defense set out in the affidavit. All defenses, the nature of which are not set up in the affidavit, are considered waived and are unavailable on the trial."

To the like effect is *Greeman Bros. Mfg. Co. v. M. L. Nelson Furniture Co.,* 191 Ill. App. 494, where it is held that by said section the issues to be tried are limited to the defenses set out in the affidavit of merits. *West Coast Timber Co. v. Hughitt,* 185 Ill. App. 500, was a case in the Appellate Court for the First District which came from the Circuit Court, and in which it was held that a defense not set up in the affidavit of merits was waived. This general subject is treated in 31 Cyc. 231 to 241, but that text does not cover decisions under our Practice Act of 1907. It will be found that the rule as to the contents of an affidavit of merits by a defendant is much less stringent in this State than in some other States, notably Pennsylvania.

To specify means "to designate in words, so as to distinguish from other things;" and we hold that to "specify the nature of the defense" requires that the affidavit of merits must set out the facts which constitute the defense, so that the plaintiff may have reasonable notice what the defense is. The affidavit must state directly and positively facts sufficient to disclose a substantial defense. *Perry v. Krausz, supra.*

The rule above stated will not result in trying cases on issues formed by an affidavit of claim and an affidavit of merits. Though actions at law in the Circuit Court are to be tried upon the pleadings, yet under

this statute the parties are limited also by their affidavit. Plaintiff can prove and recover only what is stated in his affidavit of claim, but he cannot prove and recover even that unless he has an appropriate declaration on that cause of action. Defendant can only prove such defense as is stated in his affidavit of merits, but he cannot prove that or have a verdict upon that unless he has a pleading appropriate to that defense. The proof and the verdict must be under proper pleadings, but no proof can be admitted or availed of under the pleadings unless it is supported by a proper affidavit. The statute excepts demurrers and motions from this provision. We therefore conclude that, so far as instruction No. 1 is based on the proposition that matters of defense not set out in the affidavit of merits are waived, the ruling was correct.

The third particular specified in defendant's affidavit of merits, attached to his original pleas, was "damages in the sum of $350 by reason of the breach of the contract sued upon in the declaration." This language is exceedingly indefinite. The declaration was only the consolidated common counts. It said the defendant was indebted to the plaintiffs in a certain sum for goods and chattels sold and delivered by plaintiffs at his request, and for goods and chattels bargained and sold to defendant by plaintiffs at his request, and for labor and services bestowed by plaintiffs upon the premises of defendant at his request, and for plumbing materials, fixtures, apparatus and supplies sold and delivered by plaintiffs at his request, and for work and labor in the plumbing of defendant's buildings, done by plaintiffs at defendant's request, for all of which defendant promised to pay the plaintiffs. The third part of the affidavit of merits, and the only part relating to this subject-matter, was so indefinite and uncertain that it might well have been expunged on motion of plaintiffs and leave given defendant to file a more specific affidavit on that sub-

ject. Did the affidavit mean that there was a breach of
the contract by plaintiffs as to the quality of the goods
sold and delivered, or of the plumbing materials and
fixtures, or as to the fact or time of delivery, or as
to the character of the work and labor? It can be
construed to mean that plaintiffs broke the contract
by failing to deliver the materials or to perform the
labor as agreed. Plaintiffs did not move to expunge
or disregard this part of the affidavit of merits, but
they joined issues on all the special pleas, thereby
treating this affidavit as a sufficient affidavit of merits
under the statute, and they proceeded to offer evidence
to establish their case as if they were required to do
so by a sufficient affidavit of merits. We are of opin-
ion that they thereby treated the third section of the
affidavit of merits as sufficient to require them to prove
their entire case, and that in this state of the record
it was error to instruct the jury that they must re-
gard it as admitted that the labor and material sued
for were furnished.

Defendant, the owner of the building in question, was
also a lawyer, and also publisher of a newspaper in
the City of Rock Island, where these premises were
situated. He carried in his paper for a long while
an advertisement which had not been paid for, and
the value of which defendant sought to set off in this
proceeding. The advertisement concerned the plumb-
ing business carried on at the street and number in
Rock Island where plaintiffs carried on their plumbing
business, but it gave the name of the proprietor as
George W. Reddig, instead of Reddig Company, and
at first the court excluded the evidence of the adver-
tisement as not applying to the plaintiffs, but there
was proof that George W. Reddig directed the prep-
aration of the advertisement and gave it as if the
business was carried on in his name, and the court
afterwards admitted the advertisement. George W.
Reddig admitted that he had once directed such an

advertisement, but claimed that he paid one Jerry Looney therefor. It was shown without contradiction that Jerry Looney had not been connected with defendant's newspaper for several years before this advertising was done. George W. Reddig testified that he directed defendant to discontinue the advertisement, and defendant admitted this but they differed very much as to when these directions were given. Defendant testified that George W. Reddig promised to pay $3.50 per month for said advertising, and George W. Reddig denied it. The court thereupon gave the instruction No. 5 requested by plaintiff, to the effect that unless the preponderance of the evidence showed that Reddig promised defendant to pay him that sum per month for advertising, they would give defendant no credit for said advertising, in making up their verdict. But defendant had also testified that this advertising, for the time it ran, was of the value of $90, and that answer had not been objected to, and there was no proof to rebut it. Defendant had then sought to prove the customary charge for such advertising, and this evidence was kept out on an objection by plaintiffs. There being evidence, therefore, that the advertising was worth $90, it was error to give this instruction that if a specific agreed price was not established by a preponderance of the evidence no credit should be allowed for said advertising.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*