# CASES

DETERMINED IN THE

# APPELLATE COURTS OF ILLINOIS

DURING THE YEAR 1927.

Theron P. Cooper, Appellant, v. John A. Anderson, Appellee.

Gen. No. 31,846.

1. PLEADING—*issues and evidence as limited by affidavit of merits.* Under Cahill's St. ch. 110, ¶ 55, providing for an affidavit by defendant in response to an affidavit of money claim by plaintiff, the evidence to be offered and issues to be tried are limited to issues as made by the pleas and then only in so far as they are verified by the defendant's affidavit.

2. MUNICIPAL COURTS—*rule that fact averments not denied are admitted as general principle.* The rule of the municipal court that averments of fact in a pleading which are not denied are deemed admitted as true, has always been enforced by the courts as an assertion of the general principle that one waives objections he does not state.

3. PLEADING—*when material facts admitted by failure to deny in affidavit of merits.* In assumpsit for rent supported by an affidavit for a money claim to which defendant responds by an affidavit of merits setting forth only the affirmative defense of release, the defendant must establish such defense, and all other material facts, not being put in issue, are regarded as admitted.

4. LANDLORD AND TENANT—*how far averments of assignment unnecessary in action for rent.* In an action for rent brought under Cahill's St. ch. 80, ¶ 14, by an assignee it is not necessary for the plaintiff to aver or prove the assignment, as required by Cahill's St. ch. 110, ¶ 18, providing the plaintiff shall set forth how his claim was assigned.

5. PLEADING—*necessity of objecting to sufficiency of special count before verdict.* After verdict, a special count in a declaration to re-

1

cover rent, containing the common counts, is good on the defendant's failure to raise by demurrer or otherwise his objection that the written documents on which the suit was based were not set forth.

6. Appeal and error—*when plaintiff's position on appeal not inconsistent.* A landlord seeking to recover rent may offer evidence at the trial to support his claim without being inconsistent in claiming on appeal that the material averments of his affidavit of money claim should be considered proved because of the defendant's failure to offer any proof towards sustaining his affidavit of merits.

Appeal by plaintiff from the Superior Court of Cook county; the Hon. Jesse Holdom, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1927. Reversed and remanded. Opinion filed October 10, 1927. Rehearing denied October 24, 1927.

Hall, Spitz & Rooks, for appellant; Irvin Rooks and Edward Blackman, of counsel.

Alden, Latham & Young, for appellee; Charles Martin, of counsel.

Mr. Presiding Justice Matchett delivered the opinion of the court.

This is an appeal by the plaintiff from a judgment in favor of the defendant, entered on the verdict of a jury as instructed by the court.

The suit was in assumpsit, the declaration consisting of the common counts and a special count, which alleged that on August 17, 1915, George Strong and Anna Strong leased certain premises from William E. Walker and Hugh McLennan for a term of five years; that Theron P. Cooper, through mesne assignments, acquired all the rights, title and interest of Walker and McLennan in said lease; that at the request of the defendant, John A. Anderson, Walker and Cooper consented to the assignment of their interest in the lease to Orilla Reck, and that in consideration of the consent of Walker and Cooper to the assignment to Reck defendant guaranteed the payment of the rent according to the terms of the lease; that Reck was in arrears for rent from February 1, 1919, to August 1, 1920, and

that the defendant has failed to comply with his guaranty and to pay the same, to the damage of the plaintiff in the sum of $4,500.

The defendant filed a plea of the general issue and other pleas, alleging that complainant had not through various mesne assignments acquired all the right, title and interest of the lessors, Walker and McLennan; that on August 17, 1915, for valuable consideration, the lessors had released and discharged the defendant from liability. To this plea plaintiff filed a replication denying its material averments.

The plaintiff attached to his declaration a copy of the instrument sued on and also an affidavit by his agent as follows:

"That the demand of the plaintiff in the above entitled cause is for rent due and payable for the premises described in the lease attached hereto as Plaintiff's Exhibit 'A' for a period of time from, to-wit, February 1, 1919, to August 1, 1920, both inclusive, at the rate of $250 per month, payable in advance on the first day of each and every month as stated in the attached lease.

"Affiant further states that there is due to the plaintiff from the defendant, after allowing him all just credits, deductions and set-offs, the sum of $4,500."

The defendant, by his agent, filed with his pleas an affidavit in which he stated:

"That he verily believes that the defendant has a good defense to this suit upon the merits, to the whole of the plaintiff's demand, and that the nature of such defense is the cancellation on or about the 4th day of February, 1919, of the said lease of August 17, 1915, and the release and discharge of the defendant from liability thereunder, in consideration of the payment by the defendant of the sum of $1,000 and the sale and transfer by the defendant of certain furniture and fixtures situated at 1200–1202 North State street, Chicago, Illinois."

The plaintiff offered evidence in support of his claim. The defendant offered no evidence tending to support the defense set up in his affidavit, and the plaintiff, relying upon section 55 of the Practice Act (see Cahill's St. ch. 110, ¶ 55, Smith-Hurd Ill. Rev. St. 1925, chapter 110, p. 1958), contends that where a plaintiff files an affidavit in his declaration showing the nature of his claim, the defendant files with his pleas an affidavit specifying the nature of his defense; that the issues are joined on the affidavits, and the respective parties are limited in their proofs to the demand or defense specifically stated in the affidavits, and that all claims or defenses other than those set forth in the affidavits are waived. In other words, it was unnecessary in this state of the record for plaintiff to make proof of the material averments of his declaration, which were not denied by the affidavit attached to the defendant's pleas, and, therefore, in the first instance, it was unnecessary for plaintiff to prove the execution, assignment, guaranty, amount of rent due, etc., as averred. If the plaintiff's contention is sustained, it was clearly error for the court to instruct the jury to bring in a verdict for the defendant.

Section 55, Cahill's St. ch. 110, ¶ 55, provides:

"If the plaintiff in any suit upon a contract, express or implied, for the payment of money, shall file with his declaration an affidavit showing the nature of his demand, and the amount due him from the defendant, after allowing to the defendant all his just credits, deductions and set-offs, if any, he shall be entitled to judgment, as in case of default, unless the defendant, or his agent or attorney, shall file with his plea an affidavit, stating that he verily believes the defendant has a good defense to said suit upon the merits to the whole or a portion of the plaintiff's demand, and specifying the nature of such defense, and if a portion specifying the amount (according to the best of his judgment and belief), * * *."

The history of this section of the Practice Act and the reasons which led to its enactment have been set forth in *Harrison v. Rosehill Cemetery Co.,* 291 Ill. 416, and the opinion of the Supreme Court in that case stated that under the privilege of pleading as many matters as the defendant might see fit, it was not uncommon to file sham or fictitious pleas, which proved and constituted a defense at law, but which the defendant could not or did not expect to prove. Delays in the administration of justice being thus caused, the statute was passed to compel the defendant to show by affidavit that he had a real defense.

The first enactment was in 1853, purporting to regulate the practice in the courts of Cook county, and provided in substance that in suits founded on a contract, defendant should not only file his plea but also an affidavit of merits, and, upon his failure so to do, plaintiff would be entitled to default against him. In 1872 a similar act was made applicable to the courts of the whole State and a statute substantially similar to section 55 was passed, with the exception that the defendant was not required in the affidavit to specify the nature of his defense. In 1907 the section was amended in such manner as to require the defendant, where plaintiff had filed his affidavit of claim, to file with his pleas an affidavit which specified the nature of his defense. The affidavit of merits must of course conform to the plea and show a defense under the pleas filed. In that case it was held that the affidavit filed by the defendant complied with the statute, and that the court erred in holding it insufficient, striking it from the files and entering the default of the defendant. That case, however, does not decide the exact point which is presented here.

In *Reddig v. Looney,* 208 Ill. App. 413, however, the precise question was, we think, decided. In that case the court instructed the jury that defendant in his affidavit of defense did not deny that certain labors

and material sued for were furnished, and "that the jury must regard it as established that they were so furnished." The court there said:

"Instruction No. 1 is based on the position that whatever is not specified as a defense in such affidavit is waived, or that all plaintiffs' case not denied by the affidavit is conclusively admitted."

The opinion in that case recites at length the history of section 55 of the Practice Act, formerly section 36 thereof, and points out that in *Allen v. Watt,* 69 Ill. 655, it was held, construing section 36, that where an affidavit was filed setting up a certain defense, it was the necessary implication therefrom that this was all the defense defendant had. The court held that the instruction given was not erroneous, but because of error in the giving of another and different instruction reversed and remanded the cause.

*Reddig v. Looney, supra,* is cited with approval by the Appellate Court of the second district in *Goddard Tool Co. v. Crown Electrical Mfg. Co.,* 219 Ill. App. 34, the court in an opinion by Mr. Justice Heard stating:

"We have set forth the affidavits of claim and of merits in so much detail for the reason that by section 55 of chapter 110, Rev. Stats. of Illinois (J. & A. ¶ 8592), the respective parties are limited in their evidence to the matters controverted by the affidavits. *Reddig v. Looney,* 208 Ill. App. 413; *Miller v. Thomas,* 200 Ill. App. 125."

In *Humphreys v. Orrey,* 220 Ill. App. 523, that being a case in which the plaintiff sued for rent, that court stated:

"In the present case, however, appellee, in his affidavit of merits, did not claim that the amount claimed by appellant in his affidavit of claim was too large but based his defense solely on the claim of payment to the administrator * * * and having done so cannot be heard to urge any defense not set up in the affidavit of merits."

*Reddig v. Looney* has also been cited and relied on by the Appellate Court of the third district in *Colfax Grain Co. v. Bradford,* 225 Ill. App. 419.

Prior to the decision in *Reddig v. Looney, supra,* namely, at the October term, 1911, this court in the case of *Kadison v. Fortune Bros. Brewing Co.,* 163 Ill. App. 276, was required to construe said section 55. That case was brought before this court by writ of error from the municipal court, and it appears from the opinion that by act of legislature that court had been made the sole judge of the applicability to said court of the rules of practice prescribed by law for similar cases in the circuit court. It had by rule in force at the time the suit in question was commenced, adopted a rule by which it was provided that section 55, as well as certain other sections of the Practice Act, should be held applicable to proceedings in that court. The suit in that case was brought by plaintiff as an assignee of the defendant's lessor, and the plaintiff claimed for rent due on account of defendant holding over after the expiration of the lease. Plaintiff attached an affidavit of claim, and the defendant filed an affidavit of merits alleging in substance that it did not fail to deliver to the plaintiff the premises at the expiration of the term alleged, and that it was therefore not liable in any sum whatever. This court said:

"The purpose of requiring the affidavit of merits to set out the nature of the defense relied on was to give the plaintiff notice of the real defense to be presented and to limit the issues to be tried to the defense set out in the affidavit. All defenses, the nature of which are not set up in the affidavit, are considered waived and are unavailable on the trial."

It was therefore held that neither questions as to the execution of the lease, nor the assignments of it, nor whether the plaintiff was the owner of the property, nor whether such an owner could maintain an action for liquidated damages, were issues in the case.

In *Weinberger v. Werremeyer,* 224 Ill. App. 217, this court had occasion to pass upon an appeal by the defendant from a judgment entered against him in an action for negligence in failing to keep and restore in good condition an automobile of which he was bailee. The defendant had filed an affidavit of merits, and it was urged on appeal that no proof had been introduced on the trial as to plaintiff's damages. We there said:

"This part of the statement is not denied in the affidavit of merits, and hence plaintiff was not called upon to submit proof of these allegations. In any event the attention of the trial court should have been called to the alleged insufficiencies of the statement of claim before the cause was submitted to the jury."

In *Sears, Roebuck & Co. v. Mears Slayton Lumber Co.,* 226 Ill. App. 287, the defendant appealed from a judgment against him in the sum of $441.26 for the value of a house and it was urged for reversal that the proof was insufficient to show the value of the house. The third division of this court said:

"There is no denial in the affidavit of merits that the house was not of the value alleged in the statement of claim. The allegation of value, therefore, stood admitted and no proof was necessary."

Other cases in which the Appellate Court of this district has made similar rulings are *Greeman Bros. Mfg. Co. v. M. L. Nelson Furniture Co.,* 191 Ill. App. 494; *Clinton Co. v. Stiles,* 197 Ill. App. 505; *McGovern v. City of Chicago,* 202 Ill. App. 139. It is true, as pointed out in *Reddig v. Looney, supra,* that in some of these cases the decisions might have been placed upon the ground that by other rules of the municipal court of Chicago material averments of fact, with certain exceptions, not denied by the affidavit of merits, were to be taken as true. The decisions, however, have not been based upon that ground.

Later decisions, however, of the Appellate Court of the second district, without distinguishing or over-

ruling any of the cases to which we have referred, seem to lay down a contrary rule. Thus in *Manufacturers State Bank of East Moline v. American Surety Co. of New York,* 230 Ill. App. 474, the plaintiff brought suit against a surety company on a bond given by the company to insure plaintiff bank against loss through theft, embezzlement or dishonesty of one of its employees. One of the provisions of the surety bond was that the liability of the surety company was conditioned upon a claim being made against it within three months from the discovery of the loss by the employer. The declaration averred that this provision had been waived, and an affidavit, as required by section 55, was attached to the declaration. The defendants filed pleas of general issue and an affidavit of defense, this affidavit stating the defense to be that Taze, the employee, was not guilty of the theft, etc., as charged. Defendants' affidavit of merits made no reference to the averment of the declaration regarding the waiver of this provision, and it was argued upon appeal by plaintiff, who recovered judgment, that the failure to include this defense in the affidavit amounted to an admission of the truth of the averment in the declaration as to the waiver. The opinion states that the decisions are easily reconciled with each other; that in *McGovern v. City of Chicago, supra,* the affidavit presented only the defense of payment, and it was held that other defenses had been waived; that in *Reddig v. Looney, supra,* the defendant had not been permitted to show that certain labors and materials were not furnished as charged in the declaration. The court, however, said:

"The legislature of 1907 never intended to lessen the amount of proof necessary to be offered by the plaintiff in support of his demand nor to relieve him of the duty of proving the material averments of his declaration, just as he had always been required to do."

And because the plaintiff had failed to offer evidence

tending to sustain the allegation of a waiver of the
provision of a notice within three months, the judg-
ment was reversed. The court said in effect, and cited
cases tending to show, that it had always been a plain-
tiff's duty to prove a waiver averred in his declaration.
The court further said:

"It is true that in some of the opinions written upon
this subject it is stated that the 'issues' to be tried are
limited to the defenses set out in the affidavit. The
word 'issues' as here used refers only to the defenses.''

This decision was rendered at the August term,
1923, and was followed in the case of *McPherson v.
Board of Education of Waukegan Tp. High School
Dist.*, 235 Ill. App. 426, in an opinion rendered in Janu-
ary, 1925, by the Appellate Court of the same district.
That was a case where the plaintiff, a school teacher,
sued for an alleged balance due under a contract of
employment as a teacher. He filed his declaration and
attached an affidavit of claim, claiming a balance due
of $411.82. The defendant filed the general issue, and
a special plea in which it was averred that the plaintiff
had resigned. With these pleas the defendant filed an
affidavit setting up that the plaintiff had assaulted one
of the pupils and thereafter terminated his contract
and withdrew from the employment. Upon the trial
the plaintiff offered evidence on the question of dam-
ages, but the court ruled that as the affidavit of defense
failed to controvert the allegation of damages made in
the declaration, the amount of damages was not in
issue but admitted by the pleadings. When the defend-
ant undertook to cross-examine the plaintiff for the
purpose of determining the amount of damages, an
objection was sustained on the same ground, and at the
close of the evidence the court instructed the jury that
if they found the issues for the plaintiff they should fix
his damages at the amount stated in his affidavit. This
was assigned for error, and the Appellate Court held
that the special pleas could not be utilized as a waiver

of allegations of the declaration, even though the aver-
ments of such pleas were inconsistent with the denial
under the general issue; that under the general issue
every material allegation of the declaration must be
proved as alleged, and if they were not proved the
party bringing the suit had not made out a cause of
action; that while it was true, as far as defendant's
defense was concerned, it was limited to the defense
set out in the affidavit attached to the pleas, this did
not relieve plaintiff of the necessity of proving every
material allegation of his declaration.

The many decisions of the courts of this district to
which we have referred preclude this court from ac-
cepting the interpretation of section 55 as expressed
in these last two cases.   The statute in question is
remedial in its nature, not in derogation of the com-
mon law, and should, we think, be liberally construed
to the end that the injustice of delaying litigants in the
collection of their just claims may be obviated.   It is
true that the affidavits do not take the place of the
pleadings, but the evidence to be offered and the issues
to be tried are limited to the issues as made by the
pleas as verified by the affidavits.   When the plaintiff
has filed an affidavit with his declaration, pleas avail
nothing unless they also are verified, and only to the
extent that the material facts alleged therein are sup-
ported by the affidavit of defendant.   It can hardly be
supposed that it was the intention of the legislature to
require a plaintiff to offer proof upon the trial of a
cause which the defendant would be precluded from
denying.

The rule of the municipal court to the effect that
averments of fact in a pleading which are not denied
are admitted to be true, states only a general rule,
which has from its first existence been applied by the
courts of this State.   *Dana v. Bryant,* 1 Gilm. (Ill.)
104; *Affeld v. People,* 12 Ill. App. 502, and see the
numerous cases cited in Puterbaugh's Common Law

Pleading and Practice (10th Ed.), sec. 127, p. 133. This rule indeed states only a general principle which is applied by the courts to the statements in the everyday affairs of life. It has, for instance, been held that a purchaser, who upon the tender of goods states a reason for rejecting them, waives all reasons other than those actually stated. *Olcese v. Mobile Fruit & Trading Co.*, 112 Ill. App. 281; *Cary Maple Sugar Co. v. Pierre Viau Maple Co.*, 173 Ill. App. 93; *Littlejohn v. Shaw*, 159 N. Y. 188; *Ohio & Mississippi Ry. Co. v. McCarthy*, 96 U. S. 258; *Oakland Sugar Mill Co. v. Fred W. Wolf Co.*, 118 Fed. 239.

If such a rule is to be applied to statements made in the ordinary business of life, how much more reasonable that it should be applied to a statement in writing, made on advice of counsel and under oath in a suit at law. Applying this same rule to the facts of this case, we hold that the issues to be tried were limited by the affidavits of the respective parties; that the only defense set up in the affidavit of the defendant was an affirmative one, and that in this condition of the record when the cause was set down for trial, the duty was cast upon the defendant of establishing in the first instance the affirmative defense set up in its pleas as limited by its affidavit of merits, and that all other material facts not put in issue should have been regarded as admitted.

The defendant, however, contends that the judgment should be affirmed because, he says, the declaration does not state a cause of action. In the first place, it is argued that there was no averment in the pleadings, nor proof in the evidence, as required by section 18 of the Practice Act, Cahill's St. ch. 110, ¶ 18, as to assigned causes of action. *Allis-Chalmers Mfg. Co. v. City of Chicago*, 297 Ill. 444; *Gallagher v. Schmidt*, 313 Ill. 40, and other cases construing that section of the statute are cited.

The pleadings, however, disclose that plaintiff's suit

is brought and maintained under the provisions of section 14 of the Landlord and Tenant Act, Cahill's St. ch. 80, ¶ 14, Smith-Hurd Ill. Rev. Stat. 1925, chapter 80, p. 1610. That section, not section 18, is applicable. (See *Barnes v. Northern Trust Co.*, 169 Ill. 112, and *Barr v. Florentine Alabaster Co.*, 174 Ill. App. 256.)

It is further urged that the written documents set up are not attached to the declaration or any part thereof; that disregarding these, the declaration contains only incomplete statements and conclusions. Apparently the defendant has neglected to notice that the declaration contains the common counts. It may be that the special count is subject to criticism, but defendant did not attempt to raise that question by demurrer or in any other manner. We think the count good after verdict. *J. R. Watkins Medical Co. v. Bailey,* 217 Ill. App. 460.

Defendant also contends that plaintiff, having assumed in the trial court the burden of proof and having tried his case upon the theory that it was necessary to prove the material averments of the declaration, cannot change that theory and adopt a different one in the Appellate Court. *Lewy v. Standard Plunger Elevator Co.,* 296 Ill. 295, and many similar cases are cited. The rule there stated applies only to the assuming of inconsistent positions. The fact that plaintiff offered evidence in the trial court is not inconsistent with the position which he takes here, namely, that under the pleadings, defendant having failed to offer any proof tending to sustain the averments of his affidavit of defense, the material averments of the plaintiff's affidavit should have been considered as proved, and that it was therefore error for the trial court to instruct the jury to bring in a verdict for the defendant.

Indeed, the plaintiff contends that, irrespective of section 55, the proof offered was sufficient to require

the submission of the issues to the jury. That question we think it is unnecessary for us to decide.

We hold that the instruction to find for the defendant was erroneous, and for that error the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*

O'CONNOR and McSURELY, JJ., concur.