## Fried, Mendelson & Company, Appellee, v. Mayer Shirt Company, Appellant.

### Gen. No. 27,330.

1. SALES—*effect of provision in contract conditionally relieving seller from liability.* A condition on the back of a form upon which an order for goods was taken, providing that certain contingencies not within the seller's control should absolve it from any liability under the contract, did not relieve the seller from all obligation to deliver the goods but did so only in certain exigencies beyond the power of its control.

2. PLEADING—*sufficiency of affidavit of merits to raise issue of fact.* In an action for damages for defendant's failure to receive and pay for certain merchandise described in a contract of sale, where plaintiff's statement of claim alleged that it was at all times ready and willing to ship the goods upon the terms agreed upon and the defendant's affidavit of defense denied such averment in direct terms, a clear issue of fact was raised and it was error to strike such affidavit on the ground that it did not state facts sufficient to constitute a defense.

Appeal from the Municipal Court of Chicago; the Hon. GEORGE J. COWING, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded. Opinion filed June 26, 1922.

ASHCRAFT & ASHCRAFT, for appellant; CARROLL J. LORD, of counsel.

MERGENTHEIM, ALTHEIMER & MAYER, for appellee; MORTON A. MERGENTHEIM, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This is an appeal by defendant from a judgment against it of $15,448.50, entered by the court on the pleadings.

The action is for damages which plaintiff says it sustained by reason of defendant's alleged failure to receive and pay for certain merchandise which plaintiff agreed to sell and deliver and defendant agreed

to take.  The court sustained plaintiff's motion to strike defendant's amended affidavit of defense on the ground that it did not state facts sufficient to constitute a defense.  Defendant elected to stand upon its affidavit and an order of default was entered against defendant for want of an affidavit of defense.  Damages were assessed by a jury.  Defendant moved in arrest of judgment, which motion was overruled by the court, and judgment was entered against defendant.

Under its motion in arrest of judgment, defendant questions the sufficiency of plaintiff's amended statement of claim upon the ground of lack of mutuality in the contract of the parties.  These contracts or orders for goods were upon forms, upon the back of which was the printed statement that the order was taken subject to certain terms and conditions, and among these were the following:

"Fire, war, strikes, legislative, judicial or public administrative acts, errors or defaults of the seller's mill, manufacturer, dyer, finisher, carrier or vendor, or any cause not within the seller's control, preventing the delivery of the merchandise in accordance with the terms of this confirmation, shall absolve the seller from any liability hereunder."

Defendant argues that this relieves the seller of any obligation to deliver the goods of the contract. We hold to the contrary.  This provision must be construed as relieving the seller from liability only in certain exigencies beyond the power of the seller to control.  Such conditions appear quite frequently in contracts of sale and differ from those presented in the cited cases where the deliveries remained within the option or plans of the seller.  No such options or conditions are contemplated by the provision in question.  It is binding upon the seller to deliver the goods called for except as it may be actually prevented by extraordinary events wholly outside of its influence or control.

The trial court was in error in striking defendant's amended affidavit of defense. Plaintiff's amended statement of claim alleged that it was at all times ready and willing to ship said goods at the prices and upon the terms agreed upon. By its affidavit of defense defendant denied this averment in direct terms. This raised a clear and essential issue of fact, imposing upon plaintiff the burden of proving its allegations in this respect. To require the defendant to plead more in detail would mean evidence and argument in its pleadings. The affidavit of defense sufficiently raised issues of fact which should have been tried. Both counsel have argued the legal questions very ably and much more elaborately than would seem to be required by the simplified pleading and practice in the municipal court.

For the reasons above indicated the judgment is reversed and the cause is remanded for further proceedings in accordance with what is said in this opinion.

*Reversed and remanded.*

DEVER and MATCHETT, JJ., concur.