## Barnet Kappel, Appellee, v. Charles Smolin and Jacob Gumbiner, Appellants.

## Gen. No. 32,026.

1. PLEADING—*affidavit of merit of defense presenting triable issue not to be stricken.* Where the claim made by a plaintiff in his declaration and affidavit of claim alleges that he acted as agent for the defendants in procuring a purchaser of property for a stipulated sum for a specified compensation, and that such services were requested by the defendants, an affidavit of merits by the defendants denying the claim in detail, and setting out facts whereof they are not liable, presents a triable issue and should not be stricken.

2. PLEADING—*right to strike plea of nonjoint liability presenting triable issue.* In an action by plaintiff against two defendants to recover for his services as agent in procuring a purchaser of property, a plea of nonjoint liability, supported by an affidavit of merits denying a joint liability, presents a triable issue and should not be stricken.

3. PLEADING—*right to strike plea that plaintiff not licensed presenting triable issue.* In an action by one to recover for services as agent, and not as real estate broker, in procuring a purchaser of property, a plea that plaintiff was not a duly licensed real estate broker, supported by an affidavit of merits to that effect, presents a triable issue and should not be stricken.

Appeal by defendants from the Superior Court of Cook county; the Hon. CHARLES A. WILLIAMS, Judge, presiding.   Heard in the third division of this court for the first district at the October term, 1927. Reversed and remanded with directions.   Opinon filed February 9, 1928.

IRWIN GROSSMAN and BEN A. STEWART, for appellants.

SEYMOUR J. FRANK, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This cause in the trial court came up for hearing upon a motion of plaintiff to strike the special pleas filed by defendants May 17, 1927, and also to strike defendants' amended affidavit of merits filed with their pleas upon the same day. These motions were allowed. Thereupon plaintiff moved for judgment on his amended affidavit of claim and declaration filed February 11, 1927. This motion was likewise allowed. Thereupon the court entered a judgment against defendants in favor of plaintiff for the sum of $1,500, and defendants bring the record here for review asking a reversal of that judgment.

The amended declaration of plaintiff contained five counts, and in it and also by his affidavit of claim plaintiff charged that he acted as agent for defendants in procuring a purchaser for defendant's property at the southeast corner of Hoyne and Pierce avenues in Chicago, for the sum of $60,000, and this he did at defendants' request, and that for such services he was to receive from defendants the sum of $1,500; that such services were specially requested of plaintiff by the defendants, and were not services as a real estate broker, to which amended declaration defendants interposed three pleas: First, the general issue; second, nonjoint liability, and third, that plaintiff was not a licensed real estate broker at the time of the transaction under the laws of the State of Illinois nor the ordinances of the city of Chicago.

In defendants' affidavit of merits they show that they verily believe that they have a good defense to this suit upon the merits to the whole of plaintiff's

demand, and in stating the nature of the defense averred that they did not request the plaintiff to procure a sale of the property at the southeast corner of Hoyne and Pierce avenues on April 7, 1924, or at any other time, and that the plaintiff did not interest himself in behalf of defendants, nor procure for them any contract whatsoever; that they never received the sum of $500 from anyone for the use or benefit of plaintiff; that they did not agree to pay the plaintiff the sum claimed by him, neither did they request plaintiff to help manage or let out contracts for work, labor or material, and that plaintiff did not agree to assist in letting out any contracts, etc. The defendants further swear that on or about the 7th day of April, 1924, one Helen Schymanski was the owner of the premises described in plaintiff's affidavit of claim and desired to sell the same; that plaintiff knew her premises were for sale and advised defendants of that fact, and plaintiff volunteered to defendants to introduce defendants to the owner as prospective purchasers and that thereafter defendants did purchase said premises from the owner, and that they did not hire nor employ plaintiff to procure from the seller a contract for the sale of said premises to defendants, but on the contrary defendants were informed and believe and so state the fact to be that any compensation which plaintiff might receive for introducing defendants would be paid by the seller, and that the plaintiff would look to the seller for his commission and compensation and not to defendants. They further state that they do not owe plaintiff the claimed sum of $1,500, or any other sum for commissions or services, or for or on any account whatever. And in support of their plea of nonjoint liability in said affidavit of merits deny "that they or either of them is or are jointly liable in respect of the several supposed causes of action in the amended declaration and affidavit attached there-

to therein set out,'' and that plaintiff was not a duly licensed real estate broker, as set out in the third plea.

We think that the pleas and the affidavit of merits of defendants presented triable issues, and as said in *Fried, Mendelson & Co. v. Mayer Shirt Co.*, 225 Ill. App. 464:

''The trial court was in error in striking defendant's amended affidavit of defense. Plaintiff's amended statement of claim alleged that it was at all times ready and willing to ship said goods at the prices and upon the terms agreed upon. By its affidavit of defense defendant denied this averment in direct terms. This raised a clear and essential issue of fact, imposing upon plaintiff the burden of proving its allegations in this respect. To require the defendant to plead more in detail would mean evidence and argument in its pleadings. The affidavit of defense sufficiently raised issues of fact which should have been tried.''

The denial by defendants in their affidavit of merits of all the claims made by plaintiff in his amended declaration and affidavit of claim sufficiently presented triable issues of fact. The rule is accurately stated in *Reddig v. Looney*, 208 Ill. App. 413, in the following language:

''The rule above stated will not result in trying cases on issues formed by an affidavit of claim and an affidavit of merits. Though actions at law in the Circuit Court are to be tried upon the pleadings, yet under this statute the parties are limited also by their affidavit. Plaintiff can prove and recover only what is stated in his affidavit of claim, but he cannot prove and recover even that unless he has an appropriate declaration on that cause of action. Defendant can only prove such defense as is stated in his affidavit of merits, but he cannot prove that or have a verdict upon that unless he has a pleading appropriate to that defense. The proof and the verdict must be under proper pleadings, but no proof can be admitted or

availed of under the pleadings unless it is supported by a proper affidavit.''

The trial judge erred in striking defendants' affidavit of merits from the files on plaintiff's motion and in proceeding to enter the judgment found in this record.

Therefore the judgment of the superior court is reversed and the cause is remanded for trial on the issues made by the pleadings, plaintiff's affidavit of claim and defendants' affidavit of merits.

*Reversed and remanded with directions.*

TAYLOR, P. J., and WILSON, J., concur.